HARPER & SIMMONS *vs.* DILLON, administrator.

1. The principal may sue his agents and recover from them money collected for him under the statutory form of pleading, upon their written acknowledgement of the receipt of such money from a third person for their principal, and such receipt is sufficient evidence to authorize a recovery without more.

2. The principal being dead and his administrator the party plaintiff, the defendants are incompetent as witnesses in the case under the

Code, §3854; par. 1. If it be desired to introduce them to prove facts transpiring with the administrator, or other living person the attention of the presiding judge must be called thereto by specific questions or by the pleadings, so as to show to him their competency for such purpose.

Principal and agent. Pleadings. Witness. Before Judge KIDDOO. Terrell Superior Court. November Term, 1877.

Reported in the opinion.

C. B. WOOTEN, by brief, for plaintiff in error.

J. L. JONES; L. C. HOYLE; D. MILLER, by J. H. GUERRY, for defendant.

JACKSON, Judge.

This was a suit in the statutory form upon a receipt, which is as follows : " Received of J. G. Sasser, three hundred and ninety five dollars and thirty-five cents, for Dr. W. W. Wilkinson, said amount to be placed upon claims of said W. W. Wilkinson against said J. G. Sasser, which said Wilkinson holds;" and the receipt was signed " Harper & Simmons, agents for W. W. Wilkinson."

The suit was brought by Dillon as administrator on Wilkinson's estate.

The plaintiff introduced the receipt and closed, whereupon defendants moved for a non-suit and to dismiss the action. The court overruled both motions, and error is assigned on this ruling.

1. The statute is very broad which allows suits in the form prescribed to be brought on written contracts. Code, §3391. It embraces " note, bill, bond, receipt, or written promise of any description." This is a receipt; therefore it is embraced; and therefore the action should not have been dismissed.

Was the motion for a non-suit properly overruled? The receipt showed that the defendants got money for the plain-

tiff's intestate, and it was for them to show what they had done with it. The fact that they acknowledged they had it was enough to recover on, whether that acknowledgment was written or verbal. In this case it was written in the shape of a receipt, and without more, authorized a recovery in a suit by the principal against his agent, as they got the money for him. Therefore the *non-suit* was properly refused.

2. But it is said that the court erred in rejecting Harper as a witness. The principal, Wilkinson, was dead and Harper was incompetent as the suit was by the administrator, Dillon—certainly to show any transaction between Wilkinson and Harper of payment or otherwise. If offered to show anything transpiring since Wilkinson's death with the administrator, or with others before or since his death, the attention of the court should have been called thereto ; but the court certifies that no specific questions were asked, and that no plea was in except the general issue and payment. So that the court's attention was not called to any fact to which the witness could legally testify, it not being alleged that any payment was made since the death of Wilkinson in the pleas, and no question being asked as to such payment. Code, §3854, paragraph 1.

So that there being no error in overruling the motion to dismiss and to *non-suit* the plaintiff, and none in ruling that the witness, who was a party to the record, and an administrator the other party, was incompetent, the judgment must be affirmed.

Judgment affirmed.