## Colding *vs.* Williamson.

An action for the amount due on advances made in 1873 brought in 1882 is barred by the statute of limitations, and these facts appearing on the face of the declaration, with nothing else apparent therein or appended thereto to take the case without the operation of the statute, the action was properly dismissed. (Head-note by the court.)

December 4, 1883.

Actions. Statute of Limitations. Before Judge Carswell. Scriven Superior Court. May Term, 1883.

Colding brought suit against Williamson in 1882. The body of the declaration and the exhibits attached thereto were as follows:

"The petition of Silas M. Colding respectfully showeth that heretofore, to wit, on the 27th day of March, 1873, and before that time, your petitioner and James S. Turner, as copartners using the firm name and style of Colding & Turner, were cotton factors and general commission merchants, doing business in the city of Savannah, of said state. That on the day and year aforesaid, Benjamin M. Williamson, of said county of Scriven, being indebted to them, the said Colding & Turner, in a large sum of money for supplies and advances made to him by said commission merchants, and being desirous of obtaining other advances, supplies and provisions, and other articles, to carry on his business of farming in said county, gave to them his promissory note for the amount of his indebtedness, and did, on the day and year aforesaid, enter into his contract or obligation under his hand and seal, whereby he covenanted and agreed to send to said Colding & Turner 'a sufficient amount of cotton or other produce,' not only to pay said note at maturity, but to pay all other advances made to him, all of which will appear by reference to the paper hereto annexed, marked "Exhibit A," and which is a copy of the note and agreement referred to. Petitioner would further show that, relying upon the agreement so made as aforesaid, under the hand and seal of the said Benjamin M. Williamson, they made other large advances to the said Benjamin M. Williamson in supplies, provisions, and other articles. Petitioner would further show that the said Benjamin M. Williamson utterly failed to ship to the said Colding & Turner a sufficient amount of cotton or other produce to pay for said advances so made as aforesaid under said contract. But petitioner would further show that the paper hereto annexed, marked "Exhibit B," contains a statement of all the advances made under said

contract, and contains also a statement of all the credits to which the said Benjamin M. Williamson is entitled thereunder. Wherefore, your petitioner claims that the said Benjamin M Williamson, under and by virtue of said contract, for advances so made thereunder, was indebted to the said Colding & Turner, on the 13th day of March, 1874, the sum of sixty-one dollars and thirty-seven cents, besides accruing interest at bank rates, to wit, the sum of 13 per cent. per annum. Petitioner would further show that, though often requested, the said Benjamin M. Williamson utterly fails and refuses to pay said sum of money so due as aforesaid for advances made under and by virtue of said contract. Petitioner would further show that since said 13th day of March, 1874, said contract so made on said 27th day of March, 1873, as well as all rights connected therewith, has for a valuable consideration been assigned and transferred to your petitioner; wherefore, your petitioner says that the said Benjamin M. Williamson, under said contract, is indebted to him the said sum of sixty-one 37-100 dollars, besides said bank rates of interest thereon, from said 13th day of March, 1874, and his reasonable costs and attorneys' fees in this behalf laid out and expended, all of which he refuses to pay.''

''Exhibit A.''

''$400.00                    Savannah, Ga., March 27th, 1873.

On or before the first day of November next, I promise to pay to Colding & Turner, or order, four hundred dollars, for value received. Interest at banking rate after maturity.

Benj. M. Williamson, [seal.]''

'' In consideration of fertilizers and other supplies to the amoun, of four hundred dollars, furnished me by Messrs. Colding & Turner, cotton factors and general commission merchants, of Savannah, Ga., (said firm composed of Silas M. Colding and James S. Turner) to enable me to carry on my business of planting during the present year, in the county of Scriven, state of Georgia, and for which amount I have hereunto given them my note attached, and for securing the prompt payment of said amount at maturity of said note, (as well as to secure the payment of all other advances they, the said Colding & Turner may make in provisions, farming utensils or otherwise), I hereby give and grant unto the said Colding & Turner and create in their favor a lien on all my crops of cotton, corn, etc , growing or to be grown during this year in the county and state aforesaid, and also upon all my farming implements, and stock of all kinds. And I hereby pledge myself to send to said Colding & Turner, at Savannah, Ga., for sale for my account, at least a sufficient quantity of cotton or other produce to pay said note at maturity, as well as other ad-

vances, together with interest, · commission, bank premium and charges, as customary. In the event of a failure to pay said note at ma'urity and other advances as before mentioned. then and in that case, I empower said Colding & Turner or their assigns to foreclose this lien by the most summary legal process. And I further covenant and agree that in case of a foreclosure of this lien, to pay all attorney's fees, cost of court, etc. And I further bind myself to send the balance of my crops to the said Colding & Turner at such times as I may get it ready for market, or at my convenience.

I covenant that there are no liens whatsoever upon the crops and property above mentioned, except those held by Colding & Turner.

In witness whereof, I have hereunto set my hand and seal at Savannah, Geo., this twenty-seventh day of March, 1873.

BENJ. M. WILLIAMSON. [SEAL.]

- Signed, sealed and delivered in presence of

W. J. MORGAN,<br>JOHN C. McGREW."

The foregoing indorsed as follows : "Colding & Turner "

The paper marked " Exhibit B," referred to in the declaration, was attached thereto. It was a bill of particulars setting forth advancements and supplies from Dec., 1872, to Dec., 1873.

On motion, the court dismissed the case, on the ground that it appeared on the face of the declaration that it was barred by the statute of limitations. Plaintiff excepted.

BLACK & DELL, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

1. It will be seen from the report of the declaration, and exhibits, which make a part of it, that the suit is brought to recover the balance of advances made in 1873, and not upon the promissory note nor for breach of covenant for not furnishing cotton wherewith to pay for those advances. It is therefore the balance of an open account made in 1873, and as it was not brought until 1882, the account is most clearly barred by the statute of limitations.

Even had a part of the $400.00 note been unpaid, it

would have been barred, because the note is not a sealed instrument under our statute, no mention being made of the seal in the body of the note.   Code, §§2915, 2917.

If it had been an attempt to foreclose the lien, which is the legal effect of the other paper annexed to the declaration, it would also have been barred.   The lien was made under the act of the 24th of February, 1873.   See acts 1873, section 6th, p. 43.   The lien appears to have been confined to the crop of that year, 1873, in this case, by the aforesaid section of the act, the language being, " and shall only exist as liens on the crop of the year in which they are made ; " and would be thereafter wholly inoperative, it would seem.

Besides, by the terms of the covenant in the paper giving the lien, the contract exhibited to the declaration, the lien and obligation is confined to the crops of that year. The remedy of the party was by foreclosure of the lien according to law; and by the act of 1873 *supra*, section 17, that foreclosure was to proceed under section 1969 of the then Code and the acts amendatory thereof, which will be found embodied in §1991 of the present Code, and which requires a demand, etc., and a prosecution of the action to foreclose within one year after the maturity of the debt. 54 *Ga*, 167.

So that, let the plaintiff have sued on the lien, although under seal, the bar of the one year's statute would have been in his way, and no matter where he looked through the papers attached to his declaration or at the declaration itself, on the face thereof his suit was barred and should have been dismissed on demurrer.   The seal could give the contract or covenant no longer life than the statute, its creator, authorized; and that was ephemeral; it died in a year.

Judgment affirmed.