## Ingle *vs.* Davis.

A written order of Smithy to Davis to pay the bearer of the order a
certain' sum, but without specifying the time of payment, is a
bill of exchange and due as soon as presented and accepted. An
acceptance thereof, though written upon the bill by the party
directed to pay, but not signed by any one, was not binding as an
acceptance; nor did the fact that a partial payment was made by
that party on the bill of exchange render him liable for the balance.
December 10, 1888.

Bills of exchange. Acceptance. Before Judge FAIN.
Whitfield superior court. March term, 1888.

Reported in the decision.

SAM. P. MADDOX, by brief, for plaintiff.

B. Z. HERNDON, by W. K. MOORE, for defendant.

SIMMONS, Justice.

Ingle sued Davis upon the following instrument in writing:

"September 30th, 1885.    Mr. G. W. Davis: You will please pay to the bearer $33.00, and oblige
(Signed)                                    "J. M. SMITHY."

On the paper was the following credit:

"Cr. the within $2.30 ; the balance to be paid in January next."

On the trial before a jury, the plaintiff introduced said paper, with the entries thereon, and testified that he presented the order to Davis two or three times before he accepted it.    He finally accepted it and paid $2.30 on it, and wrote on it himself accepting as to the balance unconditionally, but did not sign.    Davis made no conditions whatever, but agreed to pay it in January following.    Davis testified that he paid the $2.30 on the order, and only agreed to pay the balance on condition that he got some money from Bowen.    On this state of facts, the jury rendered a verdict for the plaintiff.    The trial judge set the verdict aside, on the ground that the instrument was a bill of exchange, which must be signed by the party to be charged therewith; to which ruling the plaintiff excepted.    Was the court right in this ruling?

Our code, §2773, declares that "a bill of exchange is an order by one person, called the drawer or maker, to another called the drawee or acceptor, to pay money to another (who may be the drawer himself), called the payee, or his order, or to the bearer.    If the payee, or a bearer, tranfers the bill by indorsement, he then becomes

the indorser. If the drawer or drawee resides out of this State, it is then called a foreign bill of exchange." Under this definition of our code, we think this instrument was a bill of exchange. It was an order of Smithy on Davis to pay the bearer $33.00. It is true there is no time mentioned in the writing for the payment of the money, but under our code, §2791, "when no time is specified for the payment of a bill or order, it is due as soon as presented and accepted." Section 1950 declares that, to make an acceptance of a bill of exchange binding upon the acceptor, the acceptance must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized. The paper being a bill of exchange, and no acceptance thereof being signed by Davis, as required by the code, the court committed no error in holding that he was not bound thereon. In this case, the payment by Davis of the $2.30 on the order was not such an acceptance of the paper as would make him liable for the balance.

Judgment affirmed.