## STANSELL *vs.* CORLEY.

81  453<br>d111 340

1. To render a private writing an instrument under seal, according to the code, it is only necessary that it recite in the body that a seal is used or contemplated, or that a scrawl or any other mark intended as a seal be annexed or affixed. A printed L. S. following the signature, is a sufficient mark to satisfy the latter requisite.
2. A writing, signed and sealed, which acknowledges indebtedness by the maker to another named person, in a certain sum, and specifies when it is to become due, imports a promise to pay said sum at the time specified, and though the promise is not express but understood, the period of limitation for an action thereon is twenty years.

3. The action is well brought in the short form of declaration author-ized by the code, ¿3391.
4. No issuable defence under oath or affirmation being filed, the judg-ment was properly rendered by the court without the verdict of a jury, the contract declared upon being an unconditional contract in writing.

January 9, 1889.

Private writings.    Sealed instruments.    Contracts. Statute of limitations.    Actions.    Practice in superior court.    Before Judge BOYNTON.    Newton superior court. March term, 1888.

On August 20, 1887, J. T. Corley sued R. A. Stansell, alleging that Stansell was indebted to him $208.38, be-sides interest, on a contract under seal made March 24, 1874, and due November 1, 1874, a copy of which was attached, and payment of which was refused.    The in-strument referred to was as follows :

"STATE OF GEORGIA—Newton county.
"The undersigned, R. A. Stansell, planter, of Newton county, hav-ing received of James T. Corley, merchant, of Covington, provisions to the value of two hundred and thirty-eight and 38-100 dollars, in consideration of said provisions advanced, and to secure the payment of the same, with interest, attorney's [fees] and costs, I hereby give a special lien upon my entire crop growing and to be grown and gath-ered during the year 1874 on the lands cultivated by me, with all the rights given to factors and merchants under the 1977 section of the code of Georgia and the laws of this State.    And I further contract and agree to hold said crops, when gathered, as the bailee of the said James T. Corley, until the said sum and charges are paid, which sum is to become due on the first day of November, 1874, or sooner if I shall sell or offer to sell any portion of said crop or crops without having first paid said sum.    I further agree to deliver at Covington to the said James T. Corley sufficient cotton to secure the payment of the above sum at Covington, on or before the first day of November, 1874.
"Given under my hand and seal this 24th day of March, 1874.
"Attest: W. H. ANDERSON.                    R. A. STANSELL (L. S.)"

This contract was a printed form for factors' liens and every part of it, including the (L. S.) after defendant's

signature, was printed except the name R. A. Stansell, the name Newton, the figures $208.38, the figure 4 in the date 1874, the date March 24, and the signatures of defendant and the attesting witness, which were in writing.

The defendant demurred to the declaration and moved to dismiss the suit on the following grounds:

(1) The contract sued on is simply a factor's or merchant's lien, given by defendant on his crops for the year 1874, and should have been enforced by foreclose-ure within one year from November 1, 1874; and as this was not done, it is barred.

(2) The suit is brought to recover the value of provisions advanced defendant in 1874, not for a breach of covenant for failing to hold his crops of that year as the bailee of plaintiff until said provisions were paid for, or for failing to deliver sufficient cotton to plaintiff to secure the payment of the value of said provisions; and hence it should have been brought within four years from November 1st, 1874, and this not having been done, it is barred by the statute of limitations.

(3) The only promises contained in the contract, to wit, an agreement by defendant to hold his crops of 1874 as the bailee of plaintiff, until the value of the provisions is paid, and his agreement to deliver to plaintiff sufficient cotton to secure payment for said provisions, are insufficient to be the basis of plaintiff's suit, first, because both of said promises are too indefinite and uncertain to give to them the character or effect of a promissory note or other money demand, so as to make them *per se* the foundation of a suit for any specific or certain amount of money; second, because the plaintiff has not alleged that he ever demanded said crops or sufficient cotton to pay for said provisions, or that the defendant ever refused to deliver the same;

and third, because there is nothing in the declaration or in the contract showing what kind of cotton (whether lint or seed cotton) or what grade of cotton was to be delivered, or the value of the same.

(4) The contract sued on is barred by the statute of limitations, as it was not sued on within six years from November 1st, 1874, and is not an instrument under seal as required by law, the defendant never having affixed to it any seal or scroll, or any other mark intended by him as a seal; the (L. S.) opposite his signature not having been put there by him or at his request or for him, and the same not being intended as a seal or representation thereof, but being an abbreviation of the words *locus sigilli*, meaning "the place of the seal", and intended simply to designate the place where the seal was to be put.

The demurrer was overruled; and the presiding judge rendered judgment for the plaintiff for the amount sued for, with interest and costs, without having further evidence before him than the contract. The defendant excepted.

CAPERS DICKSON, for plaintiff in error.

L. L. MIDDLEBROOKS, by brief, *contra.*

BLECKLEY, Chief Justice.

1. The action was brought in the short form, and was founded upon a writing, the main purpose of which was to create a crop lien. It purported, in the body of it, to be executed under seal, and annexed to the signature of the maker's name was printed "L. S." The point was made that it was not a sealed instrument, because the "L. S." simply indicated where the seal was to be, and did not itself constitute a seal. We think

otherwise. The code declares that a scroll, or any other mark intended as a seal, shall be held as such. (Code, §5.) That this was intended as a seal appears from the fact that the maker recites that the instrument is executed under his hand and seal. He makes this " L. S." his seal by adoption, although it was put there by the printer.

2. The writing acknowledged that the maker was indebted to the plaintiff below in a certain sum of money, and stipulated for a crop lien, and that to secure the debt certain things should be done with reference to delivery of cotton, etc. It specified also when the money was to become due. We hold that it imported an undertaking on his part to pay that sum of money, as well as to do acts towards securing it which he expressly stipulated to do in the writing; and we announce this proposition in reference to that part of the case : A writing, signed and sealed, which acknowledges indebtedness by the maker to another named person, in a certain sum, and specifies when it is to become due, imports a promise to pay said sum at the time specified ; and though the promise is not express but understood, the period of limitation for an action thereon is twenty years.. The code, §2915, says, " Actions upon . . instruments under seal shall be brought within twenty years after the right of action accrues." This is an instrument under seal, and it is the evidence of a debt, together with an implied promise arising upon the contents of the instrument, by operation of law, to pay that debt; so it comes within the terms of the code as to the character of instrument to which the twenty years' bar applies. This suit was brought after six years from the maturity of the debt, but before the twenty years had elapsed. . In *Colding vs. Willamson*, 71 *Ga.* 89, the action was upon an open account, and not upon the sealed

instrument. So says the opinion of the court. Here, as we have seen, the action is upon the instrument, and is for recovery of the debt, not for enforcement of the lien.

3. The suit was well brought in the short form of declaration authorized by the code, §3391. In *Thompson vs. High*, 13 *Ga.* 311, it was held that this form of action would suffice on a blank endorsement. So in *Hart vs. Holly*, 18 *Ga.* 378, a similar declaration was held sufficient upon an understood promise resulting from a credit entered on a promissory note. In *Harper vs. Dillon*, 60 *Ga.* 498, the action was by a principal against his agents on their receipt for money collected for his use, and such receipt was treated as a written contract, and the suit was upheld.

4. No issuable defence under oath or affirmation being filed, judgment was properly rendered by the court without the verdict of a jury, the contract declared upon being an unconditional contract in writing. It was insisted in the argument that this contract was conditional, but we cannot see any condition in it. It is an absolute undertaking on the part of defendant, without any condition whatever. All the other stipulations of the instrument relate to measures taken to secure it, not to pay it. And this is no action for any breach of contract relating to the security provided for, but it is an action for a breach of the undertaking to pay the debt; and that undertaking was unconditional in every respect.

Judgment affirmed.