MORRISON *v.* MORRISON.

1. There was no error in denying a continuance because of the absence of documentary evidence which by the exercise of ordinary diligence might have been procured before the time of the trial; nor because of the allowance of an amendment to the petition, praying for a recovery of the interest due upon promissory notes sued upon in such petition, the same not, however, originally including a prayer for such interest.

2. It was not improper, in a petition brought to recover upon promissory notes payable generally "after date," to allege that the same were payable on demand.

Submitted June 26, — Decided August 5, 1897.

Complaint on notes. Before Judge Henry. Walker superior court. August term, 1896.

On January 16, 1896, suit was brought by William Morrison against James Morrison upon five promissory notes dated March 4, April 4, May 4, and October 11, 1893, and July 16, 1894, payable "after date." The declaration alleged that they were

payable on demand.   Upon their face they bore interest at 7 per cent. per annum, but the original declaration did not declare for interest.   It alleged that defendant was indebted on the notes, and prayed judgment for the principal and interest of the debt.   On March 30, 1896, defendant filed his pleas: (1) That in January, 1895, the plaintiff, a resident of Charleston, S. C. (where the notes appear to have been made), was by a court of competent jurisdiction adjudged to be insane to such extent as to be incapable of managing and controlling his business or any matter connected therewith.   (2) Plaintiff is unmarried and has no family, and defendant, who is his only brother or immediate relative, was by the judgment referred to made a committee or guardian of the plaintiff, to look after him as well as to manage and control his property; and plaintiff has never since been declared sane, nor has said appointment of defendant as guardian been annulled.   (3) The money furnished by plaintiff to defendant was a voluntary gift to improve land known at the time by plaintiff to be the property of defendant's wife; plaintiff stating that he did not care whether defendant ever paid it back, as he had ample capital without it, and there was none of the family left except him and defendant.   (4) Defendant never applied to plaintiff for the loan of this money, neither did he accept it or believe he was making any contract of loan by which he would be required at any time to repay to his brother the amount so voluntarily furnished; the giving of the notes sued on was not understood or intended by either of them to be creating a debt which should be paid; and defendant would not have accepted any of the money or executed and delivered the notes had it not been for the voluntary offer of plaintiff to let him have it, with the express understanding and agreement that it was not to be paid back nor intended as a loan, etc.

The case was placed on the calendar for trial on August 28, 1896.   On Wednesday of that week the cases set for Friday were reset for a week later, and the case was actually called and tried on Saturday, September 5th.   When so called for trial, the defendant being absent, his counsel moved for a continuance for want of a certified transcript from the records of

the probate court of Charleston county, South Carolina, by which, as he stated, he could show that the plaintiff, prior to the beginning of this suit, had been by that court adjudged a lunatic and thereby incapacitated from taking care of himself or property, and that defendant had by said judgment been duly and legally appointed the committee or guardian of the person and property of the plaintiff, and still occupied that relation both at the beginning of this suit and at the time of trial.   Counsel further stated that he had been informed by his associate counsel residing at Chattanooga, Tennessee, that defendant had a copy of the record of said probate court, showing said judgment and appointment; that upon examination of this copy, he learned that it was not certified in the manner required in order to be admissible as evidence in this case, whereupon he immediately, on August 27 or 28, 1896, prepared a letter to the judge of said probate court, who as he understood from the law of South Carolina was ex officio clerk of his own court, and had defendant to sign the letter, requesting that the judge make out a full and complete transcript of the records of his court showing the aforesaid facts intended to be proved, and to certify the transcript in accordance with the act of Congress making such transcript admissible in the courts of the different States; that a special-delivery stamp was put upon this letter which was mailed, and therein said judge was requested to address the envelope containing the transcript to defendant's attorney, giving his name and post-office, in time for it to reach the court on the day this case was set for trial, naming the day, the same being ample time for said transcript to have been prepared and received after the application for it was made; that the transcript had not been received, and without it defendant was not ready for trial, it being necessary to sustain the first of his pleas already set out; that defendant expected to have this transcript by the next term; and that this application was not made for the purpose of delay, but that the ends of justice might be done.   The motion was overruled.

The plaintiff offered in evidence what purported to be the original notes sued upon.   Defendant's counsel objected to

them, on the ground that they were not the notes declared upon, and the court sustained the objection. Plaintiff's counsel then offered an amendment to the declaration, declaring for the interest apparently due upon the notes; alleging the time from which interest ran on each, and the rate of the same; further alleging that all of said sums were past due and unpaid at the commencement of suit; and praying judgment for the principal and interest. This amendment was allowed; whereupon defendant's counsel renewed his motion for continuance, for the reasons, that the making of said amendment materially changed the cause of action from that originally declared upon; that without this amendment plaintiff could not have recovered; that said amendment was a surprise to him as counsel, and by reason thereof defendant was less prepared for trial than he would have been without said amendment, for the reason that his client was absent, and he as counsel could not without defendant's presence make the necessary defense to the declaration as amended; that defendant's presence was not necessary to a successful defense of the case as made by the original' declaration, which was the reason for his absence; and that this application for continuance. was not made for the purpose of delay. The motion was overruled.

Plaintiff again tendered in evidence the original notes, and counsel for defendant objected on the ground that the notes as . declared upon were alleged to be payable on demand, while the notes tendered in evidence show on their face that they are not payable on demand, but show that the time of payment is indefinite and uncertain, and they are uncertain and ambiguous in this respect, and do not correspond with the pleadings so as to make them admissible. The objection was overruled.

After introduction of the notes, plaintiff's attorney testified that after he received them for collection he presented them to defendant for payment; that defendant did not pay them but made some pretext for not doing so; that after this he spoke to defendant several times about paying the notes, and they not being paid, he brought this suit; and that defendant admitted indebtedness and made promises to pay it. The evidence having closed, the court directed a verdict for the plaintiff. Each of the foregoing rulings is assigned as error.

*Payne & Payne*, for plaintiff in error.

*F. S. Yager* and *Copeland & Jackson*, contra.

COBB, J.    The official report states the facts.

1. A continuance was asked in this case, because the counsel for the defendant did not have in his possession at the time of the trial certain documentary evidence, consisting of a transcript of a record from the courts of another State, which it was claimed would have established one of the defenses relied on.    This evidence could have been easily obtained in time for the trial by the exercise of the slightest diligence; and as no effort was made to secure the transcript until it was too late to obtain it, there was no error in refusing the continuance.

Where in a suit upon promissory notes the allegations of the petition were such as probably to limit the recovery by the plaintiff to the principal of the notes sued on, and the notes offered in evidence bore interest which had not been declared for, there was no error in allowing the plaintiff to amend his petition by adding a prayer for the recovery of such interest.

2. A promissory note payable "after date," with no other time for payment stated, is payable on demand, and an allegation to that effect in the petition brought on such notes was proper.          *Judgment affirmed.    All the Justices concurring.*