### KERN & LOEB *v.* HERRING.

.It was not error to sustain a general demurrer to the petition.

SEPTEMBER 12, 1916.

Complaint. Before Judge Gilbert. Muscogee superior court. March 19, 1915.

*McLaughlin & Shanks* and *B. F. McLaughlin,* for plaintiffs.

*A. W. Cozart,* for defendant.

FISH, C. J. On January 12, 1915, the firm of Kern & Loeb brought an action against D. C. Herring, alleging "that the said D. C. Herring is indebted to petitioners in the principal sum of one thousand, one hundred and twelve and 34/100 ($1112.34) dollars, besides interest, which said indebtedness is evidenced by a certain mortgage dated the eighteenth day of May, 1895, signed by the said D. C. Herring and payable to petitioners; a true and correct copy of said mortgage is hereto attached and made a part hereof." It is further alleged that the defendant is indebted to petitioners in the sum of ten per cent. of the principal and interest, as attorney's fees, and that notice of intention to institute the action has been given to defendant in compliance with the statute, and that he fails and refuses to pay any part of the indebtedness, although it is due, just, and unpaid. A general judgment is prayed for, that is, for the amount of principal, interest, and attorney's fees and costs. The material portions of the mortgage, a copy of which is attached to the petition, are as follows: "This indenture made this the eighteenth day of May, 1895, witnesseth that the said D. C. Herring, of the first part, is due the said Kern & Loeb, of the second part, the sum of sixteen hundred, twenty-four, and 23/100 dollars, which is now due and unpaid, as evidenced by note for the above amount, and bearing even date." The instrument then recites that to secure the payment of said sum a certain stock of goods consisting of various named articles are conveyed to Kern & Loeb, the defeasance clause being as follows: "Provided, if I pay said sums on the day they become due, with interest thereon at the rate of —— per cent. from —— and all lawyer's fees for collection, then this mortgage and waiver shall cease and be void." No copy of the note secured by the mortgage is attached to the petition, nor does it appear therefrom when the note was due, nor what interest, if any, it should bear,

nor from what date interest should be computed. We hold that the trial judge did not err in sustaining a general demurrer to the petition, and in dismissing the case. See *Ray* v. *Harris,* 138 *Ga.* 432 (75 S. E. 417). This case is not controlled by the case of *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868), and nothing in this case conflicts with the ruling there made.

*Judgment affirmed. By five Justices, all concurring, except*

BECK, J., dissenting. I am of the opinion that the court erred in sustaining the general demurrer to the petition. The paper sued on, while it recites that the debt secured thereby is evidenced by a certain note, which is not attached to the petition and which is not sued on, contains in itself an acknowledgment of a debt, and I think that this acknowledgment in writing contained in the mortgage is sufficient to support the action as brought. In the case of *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868), it was said: "The writing acknowledged that the maker was indebted to the plaintiff below in a certain sum of money, and stipulated for a crop lien, and that to secure the debt certain things should be done with reference to delivery of cotton, etc. It specified also when the money was to become due. We hold that it imported an undertaking on his part to pay that sum of money, as well as to do acts towards securing it which he expressly stipulated to do in the writing; and we announce this proposition in reference to that part of the case: A writing, signed and sealed, which acknowledges indebtedness by the maker to another named person, in a certain sum, and specifies when it is to become due, imports a promise to pay said sum at the time specified; and though the promise is not express but understood, the period of limitation for an action thereon is twenty years." I think that case in principle rules the instant case, and that the court erred in sustaining the general demurrer. As the pleadings of the plaintiff, together with the attached exhibit, indicate that there is an outstanding note, it may be that under properly framed pleadings on the part of the defendant the plaintiff could be compelled to produce the note in court to be delivered or canceled and destroyed, so that there should be no outstanding claim upon the note against the maker; but there is no pleading filed by the defendant seeking to have this done. He chose to rely upon his demurrer; and that, as already indicated, is not sufficient to defeat the action.