## MONROE *et al. v.* GREGORY.

Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right. Applying this rule to the facts alleged in the petition, the court did not err in sustaining the demurrer.

No. 130. NOVEMBER 14, 1917.

Equitable petition. Before Judge Thomas. Colquitt superior court. January term, 1917.

Bertha Monroe and others, as the children of Josephine Carlton, deceased, with their father, J. D. Carlton, filed their petition against Mrs. S. L. E. Gregory. They alleged as follows: Josephine Carlton was the adopted daughter of Samuel Gregory. While there had never been a complete legal statutory adoption, when Josephine Carlton was in her early infancy (being an illegitimate child) her mother agreed with Samuel Gregory that he should adopt Josephine, and he did so. The child took his name; and when J. D. Carlton asked for the hand of Josephine in marriage, he asked it of Samuel Gregory. Josephine had grown up as the adopted daughter of Samuel Gregory, performing for him those filial services prompted by personal affection, and during said time considered him and accepted him as her father by adoption; and Samuel Gregory recognized her as his adopted daughter. Josephine died intestate in the year 1894, and left as her sole heirs the petitioners. Samuel Gregory died intestate in the year 1897, leaving an estate consisting of certain lands. He left as his sole heirs his wife (the defendant) and the petitioners. They are entitled to a half interest in his estate. There has been no administration on his estate, but his wife has been in possession of the same since his death and enjoyed the rents and profits thereof. Besides being one of the heirs of Samuel Gregory, she claims under a deed purporting to have been executed by him on February 2, 1887, which the petitioners allege was a forgery, although it was recorded. There was no administration upon the estate of

Josephine Carlton, and no debt. The youngest of the plaintiffs was 25 years of age at the time of bringing the suit, and the eldest was about 38 years old. They allege that the defendant is a tenant in common with them, and in law a trustee for them; and that under the facts prescription did not run against them. The court sustained a general demurrer and dismissed the petition.

*Pomp Perkins, R. J. Bacon,* and *R. H. Ferrell,* for plaintiffs.

*Shipp & Kline,* for defendant.

BECK, P. J. (After stating the facts.) We are of the opinion that the court properly held that the petition should be dismissed. Whatever rights the petitioners had in the estate of Josephine Gregory depended, not upon her status as the legally adopted child, but upon equities growing out of the agreement between the mother of Josephine and Samuel Gregory to adopt her as his child, and the action taken thereunder by the parties to the agreement and the petitioners. "The authorities very generally establish the proposition that a parol obligation by a person to adopt the child of another as his own, accompanied by a virtual though not a statutory adoption, and acted upon by both parties during the obligor's life, may be enforced, upon the death of the obligor, by adjudging the child entitled as a child to the property of the obligor who dies without disposing of his property by will." *Crawford v. Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773). If the petitioners in this case had moved in time and had established the allegations of their petition by proof, they might have shown such a status as would have entitled them to recover upon equities arising out of the agreement as to adoption of the said Josephine. But the status out of which the equity insisted upon arises began about fifty years before the present suit was brought, and the work done by Josephine and the performance of her alleged filial duties to Samuel Gregory had been performed about forty years before the suit was brought. In all that time no steps had been taken to have a statutory adoption completed or to have the equitable status insisted upon declared and established. While the mere lapse of forty or fifty years might not in some cases be an insuperable obstacle to the establishment of a title or an equity in property, we think in a case like that presented here it was one for the application of the rule that "Equity gives no relief to one whose long delay renders the ascertainment of the

truth difficult, though no legal limitation bars the right." Civil Code, § 4536. In the case of *Crawford* v. *Wilson,* from which the extract quoted above was taken, there was no such delay in having the status of the party claiming to have been adopted established; the petitioner in that case, claiming to have been adopted by the person whose estate she claimed as an heir, moved promptly after the death of the alleged adopting parent. In the present case the petition to establish the equitable status upon which the rights of the plaintiffs depend was not brought until about 19 years after the death of the alleged adopting parent, and, as we have already remarked, about fifty years after the time when the status began which it is contended gave Josephine Gregory her rights as an adopted child. We think it is clearly a case for the application of the rule that equity gives no relief to one whose delay renders the ascertainment of the truth difficult.

*Judgment affirmed. All the Justices concur.*