PERSONS *et al. v.* DALLAS, administrator.

No. 9862.   MAY 17, 1934.

*Beck, Goodrich & Beck,* for plaintiffs in error.

*W. M. Dallas, J. W. Culpepper,* and *C. L. Shepard,* contra.

GILBERT, J. The petition is by an administrator who seeks to recover property alleged to belong to and debts due to the estate of his intestate. It also seeks to restrain the defendants from incumbering, alienating, disposing of, or seeking to control the property, and the appointment of a receiver to take charge of the property and to collect the rents. There are several defendants, but the petition is restricted to the one purpose of collecting in assets alleged to belong to the estate, but held adversely thereto, for the purpose of paying debts and for distribution among the heirs.

■ The petition seeks to recover $4000, based upon a recital in a deed executed under seal, dated November 10, 1928, which showed

an unpaid balance of $4000 due to the intestate on the purchase of a stock of jewelry. A demurrer was interposed to that portion of the petition, on the ground that such recovery is barred by the statute of limitations. Demurrant contends that the legal status of that item is that of an open account. The petitioner insists that it is based upon an instrument in writing executed under seal. According to the defendant, the statute of limitations would be four years from the date the amount became due. According to the petitioner, the limitation would be twenty years. *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868). It is well established that a recital in a deed legally executed and accepted by the grantee may constitute a binding obligation between the grantor and the grantee. *Stansell* v. *Corley,* supra; *Smith* v. *Kingsley,* 178 *Ga.* 681 (173 S. E. 702). In the *Stansell* case the written instrument sued on showed the requisite dates as to maturity, rate of interest, etc., to authorize this court to hold that a cause of action was set out. In the present case the recital in the deed does not show these facts; does not show when the debt became due. "Bills, notes, or other paper, payable on demand, are due immediately. When no time is specified for the payment of a bill or order, it is due as soon as presented and accepted." Civil Code (1910), § 4292. Such is also provided in the negotiable-instrument act, as found in Michie's Code, § 4294(7), Park's Code Supp. 1926, § 4269(7), as follows: "An instrument is payable on demand: . . (2) In which no time for payment is expressed." That statute was passed in 1924, and is applicable to the contract sued upon in this case, which was executed in 1928. To the same effect see *Freeman* v. *Ross,* 15 *Ga.* 252; *Ingle* v. *Davis,* 81 *Ga.* 766 (8 S. E. 192); *Morrison* v. *Morrison,* 102 *Ga.* 170 (29 S. E. 125); *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113). Accordingly the case, in that respect, is controlled by the ruling in *Stansell* v. *Corley,* supra. The obligation of the defendant to pay the intestate $4000, being contained in a sealed instrument, was not barred until the lapse of twenty years from the date. The date being 1928, the court did not err in holding that the obligation was not barred by the statute of limitations.

■ The plaintiff in error cites and relies upon the case of *Kern* v. *Herring,* 145 *Ga.* 776 (supra). As stated by Fish, Chief Justice, who wrote the opinion, that case does not conflict with *Stansell*

v. *Corley,* supra. In the *Kern* case the petition alleged the existence of a note. The petition being necessarily construed most strongly against the pleader, the court inferred that the note would show the due date, the rate of interest, and other facts that were not shown in the mortgage; therefore the law applicable to notes due on demand was not applicable in the *Kern* case. The court, in those circumstances, was compelled to construe the petition as one failing to set up necessary facts which were obtainable. The defendant in error differentiates this case from the *Kern* case on the ground that this is a suit in equity, and the *Kern* case was a suit at law. That distinction is not sound. Civil Code (1910), § 4369, provides: "The limitations herein provided apply equally to all courts; and in addition to the above, courts of equity may interpose an equitable bar, whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights." To the same effect see *Moore* v. *Moore,* 103 *Ga.* 517 (2), 523 (30 S. E. 535). "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right. Applying this rule to the facts alleged in the petition, the court did not err in sustaining the demurrer." *Monroe* v. *Gregory,* 147 *Ga.* 340 (94 S. E. 219).

■ The remaining portions of the petition seek to recover separate parcels of real estate and rentals of the same, for the purpose of paying debts of the estate and for distribution among the heirs. That part of the petition is subject to the demurrer based on the ground of misjoinder of parties. "This court has repeatedly decided that multifariousness is an objection not favored by courts of equity. . . And Chancellor Kent, after an able and elaborate review of the leading English authorities, said: 'The principle to be deduced from these cases is, that a bill against several persons must relate to matters of the same nature and having a connection with each other, and in which all of the defendants are more or less concerned, though their rights in respect to the general subject of the case may be distinct.'" *Conley* v. *Buck,* 100 *Ga.* 187, 193 (28 S. E. 97). While the petition is filed by the administrator of an estate, and all parts of the petition are confined to the one purpose of recovering the property and collection of debts due the estate, there is no allegation of conspiracy among the defend-

ants, nor any other allegation affording any nexus whatever between them. There is no common interest between the defendants with respect to the suit. Each defendant is interested merely in defeating the purpose of petitioner to recover a judgment against him or her.

4. The fourth headnote does not require elaboration.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Russell, C. J., absent because of illness.*