LYLE *et al.* v. KEEHN, receiver.

No. 14398.　February 9, 1943.　Rehearing denied March 11, 1943.

510

512

*Alexander E. Wilson Jr.*, for plaintiffs in error.

*Gambrell & White* and *James S. Wilson Jr.*, contra.

ATKINSON, Justice. Distinct and separate claims of or against different persons may not be joined in the same action. Code, § 3-110; *Gordy* v. *Levison*, 157 *Ga.* 670 (2) (122 S. E. 234), and cit. But where there is one common right to be established by or against several, equity will determine the matter as to all parties in one action. Code, § 37-1007; *Robertson* v. *Cox*, 183 *Ga.* 744 (189 S. E. 844), and cit.

It is insisted in the brief for the defendant in error, that the Code section last above mentioned justified the joinder under the court's equitable jurisdiction; that there was one common right to be established by the plaintiff against both defendants; that the alleged common right was based upon the assessment made by the receiver pursuant to the direction and authorization of the Illinois court; that while the defendants were alleged to be liable in different amounts and upon the basis of separate and distinct policies, the provisions in the policies which were relied upon were identical; that the alleged common right did not stem from the separate policies, but from the single assessment; that the questions of law and fact involved were substantially identical as to each defendant, and by taking jurisdiction of the entire matter the court acted not only to avoid a multiplicity of suits, but also to avoid the unnecessary costs and expenses that would have been incident to separate actions; that the basic question was the same as to

both defendants, namely, whether the defendants were liable to pay the assessment levied against them by the receiver in the Illinois proceeding.

In support of this insistence, counsel rely on Beatty v. Lincoln Bus Co., 11 N. J. Misc. 938 (169 Atl. 286), where a receiver of a mutual insurance company of New Jersey sued a number of defendants to collect the amounts of unpaid assessment levied under the direction of a New Jersey court of chancery. The court said: "It is conceded, and is clear, that at common law a separate action against each defendant would be necessary." But that the New Jersey statute, though based on the late English practice ordinances, seems even more liberal than they. The New Jersey statute provided: "The plaintiff may join *separate causes of action* against several defendants, if the causes of action have a common question of law or fact and arose out of the same transaction or series of transactions." Italics ours. The court, in holding the joinder of the defendants proper, said: "It is plain that, except as to the amount, the claims against the three defendants are identical in character; namely, the liability to assessment pro rata to meet claims against the company. There is, therefore, a joint question of law, and I think of fact also. Of course, any defendant may have a defense that is personal to himself, as, for example, infancy, or duress, or fraud in procurement, and so on. But these are defenses; the various causes of action are on the face of' the complaint substantially identical [except?] as to amounts claimed."

Counsel for the receiver rely also on McCall v. Bowen, 91 Neb. 241 (135 N. W. 1014, 40 L. R. A. (N. S.) 781), where it was held: "An action by the receiver of a mutual insurance company, organized under chapter 46, Laws 1899, against the members, to recover an assessment made by the court in order to pay the liabilities of the insolvent corporation, may properly be brought in a court of equity in the same manner as an action by the receiver of a stock corporation against its stockholders for like purpose; and in such case summons may be issued out of the county in which the action is brought to any other county in the state in which a defendant resides or may be summoned." A note in L. R. A. 782, says: "It is to be noted that McCall v. Bowen bases the jurisdiction of equity to enforce the liability of members of a mutual insurance company upon the rule obtaining in that State, that equity

514

has jurisdiction of an action by a receiver against all the stockholders of a corporation jointly, to enforce their contract or statutory liability. Some of the cases asserting this rule are referred to in the note to 28 L. R. A. (N. S.) 743. As shown in that note, there is a diversity of opinion among the courts on that question, but the weight of authority is against the doctrine of the Nebraska cases; at least, where the right to invoke equity jurisdiction rests entirely upon the claim that a multiplicity of suits is thereby saved; but, as pointed out in that note, equity has jurisdiction where the proceeding is in the nature of a creditors' bill, and the relief sought is the ascertainment of the amount required to be contributed by the stockholders in order to liquidate the debts of the corporation, and the payment of such amount, and distribution thereof among the creditors."

In cases involving fraudulent transfers of property this court has held: "There is no misjoinder of parties or of causes of action, even if the petition concerns things of a different nature against several defendants whose rights are distinct, if it sets forth one connected interest among them all, centering in the point in issue in the case. *Conley* v. *Buck*, 100 *Ga.* 187 (28 S. E. 97)." *Hermann* v. *Mobley*, 172 *Ga.* 380 (3) (158 S. E. 38); *Goodroe* v. *C. L. C. Thomas Warehouse*, 185 *Ga.* 399 (2) (195 S. E. 199); *Grant* v. *Hart*, 192 *Ga.* 153 (4) (14 S. E. 2d, 860). In *Kimzey* v. *Mickel*, 191 *Ga.* 158 (12 S. E. 2d, 567), a suit against twenty-two residents of a county, seeking to enjoin defendants from allowing their live stock to run at large, the petition was held not subject to demurrer on the ground that it contained a misjoinder of parties defendant.

*Sanders* v. *Wilson*, 193 *Ga.* 393 (18 S. E. 2d, 765), involved consolidation of two suits arising out of a collision between an automobile and a truck. It was held: "The general test, in determining whether cases can be consolidated or whether an equity suit will lie to enjoin an action at law and try its issues in the equity suit, is whether the two suits could have been joined originally; and this depends on whether a misjoinder or multifariousness would result. There was lacking the essential community of interest between the parties plaintiff, as well as the required identity with respect to any controlling issue as made by the defenses, in the two cases sought in effect to be consolidated. Consequently the

exceptions taken to the order enjoining the law action and combining its issues with those made in the equity case must be sustained."

In the instant case the suit was brought against two defendants, seeking to collect different amounts alleged to be due by virtue of an assessment on separate policies, each of which had expired about two years before the assessment was made, and each policy had been in existence for a different period of time. Thus the only basis for seeking the aid of equity was in order to avoid a multiplicity of suits.

In 30 C. J. S. 368, § 42, it is said: "Suits do not become of equitable cognizance merely because of their number. Multiplicity of suits does not mean multitude of suits. The number of actions which constitute a multiplicity of suits so as to justify or require the assumption of jurisdiction in equity is not fixed, but depends on the circumstances of each case." See 19 Am. Jur. 91, § 78; 14 R. C. L. 348, § 50.

The Code, § 37-1007, declares: "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." It will be perceived that this section authorizes equity to take jurisdiction where there is "one common right *to be established*" against several [italics ours]; whereas the New Jersey statute allows the plaintiff to join "separate causes of action" if they "have a common question of law or fact, and arose out of the same transaction or series of transactions." As pointed out in *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (58 S. E. 33), the provisions of the Code, § 3-110, prohibiting a plaintiff from joining in one action distinct and separate claims, are entirely in harmony with § 37-1007, permitting equity to take jurisdiction where there is one common right. The section allowing actions to be joined in order to avoid a multiplicity of suits is primarily for the convenience of parties to the case; and according to a number of authorities, whether it will be allowed is a question largely to be determined by the circumstances in the case. 30 C. J. S. 328, 365 et seq., §§ 10, 42; 19 Am. Jur. 90, § 77. The Code, § 37-1007, assumes however that the petition in other respects discloses a case for proper application of the power. It is one thing to possess power to grant equity jurisdic-

tion, and another to have a case where it is proper to exercise such power.

In *Persons* v. *Dallas,* 178 *Ga.* 778 (3), 783 (174 S. E. 699), it was said: "While the petition is filed by the administrator of an estate, and all parts of the petition are confined to the one purpose of recovering the property and collection of debts due the estate, there is no allegation of conspiracy among the defendants, nor any other allegation affording any nexus whatever between them. There is no common interest between the defendants with respect to the suit. Each defendant is interested merely in defeating the purpose of petitioner to recover a judgment against him or her."

In the case under consideration, questions of common interest to members of the company, relating to the necessity of an assessment, the appointment of a receiver, what per cent. each member would be assessed, etc., were settled by the proceeding in Illinois. People *v.* Central Mutual Insurance Co., 313 Ill. App. 84 (39 N. E. 2d, 400). See also *Pink* v. *A. A. A. Highway Express,* 191 *Ga.* 502 (2), 508 (13 S. E. 2d, 337, 137 A. L. R. 934 and cit.). Therefore there is no common right to be established which forms the basis of equity jurisdiction to avoid a multiplicity of suits, the common right already having been established in the previous litigation. It also appears that there is no allegation of conspiracy among the defendants; and, as stated in *Persons* v. *Dallas,* supra, each defendant is interested merely in defeating the purpose of petitioner to recover a judgment against him. Neither the provision in the policy, nor the judgment of the Illinois court, can be construed as creating a joint liability on the part of the policy-holders. Each policyholder, if liable, has a separate and distinct liability, the amount of which has been specifically determined, and the enforcement of such liability is the proper subject of a suit at law brought separately against each policyholder. The petition was subject to demurrer based on the ground of misjoinder of parties and causes of action. The court erred in overruling the demurrers, and in entering judgment in favor of the plaintiff.

The Code, § 22-1001, also relied upon by the plaintiff, in reference to suits against the members of a private association, or the stockholders of corporations, "to recover a debt due by the association or corporation," does not apply to the facts of the instant case. See *Greer* v. *Jackson,* 146 *Ga.* 376, 380 (91 S. E. 417).

It is unnecessary to pass upon the question as to whether a suit against only two defendants would be sufficient, under the language of the Code, § 37-1007.

*Judgment reversed. All the Justices concur, except Bell, P. J., who dissents.*