ALLEN *et al.,* executors, *v.* GLENN.

Though the plaintiff by his declaration attempts to found his action on two separate and distinct instruments, the first a promissory note not under seal, and the second a mortgage under seal upon real estate to secure the note, which mortgage contains a covenant binding the mortgagor to pay all reasonable attorney's fees of collecting said note if not paid at maturity, the action is barred upon its face by the statute of limitations. The covenant in the mortgage is to be construed as applying to attorney's fees incurred in proceedings to collect the note, commenced whilst it was collectible by law, and not after the bar of the statute had attached. The action was commenced more than six years after the maturity of the note.

July 8, 1891. By two Justices.

Actions. Statute of limitations. Before Judge MILLER. Bibb superior court. November term, 1890.

Reported in the decision.

S. A. REID, for plaintiffs.

HARDEMAN, DAVIS & TURNER, by brief, for defendant.

BLECKLEY, Chief Justice.

The promissory note was not under seal, and the action upon it was commenced more than six years after it became due. Confessedly the bar of the statute had attached if this result was not prevented by suing also upon the mortgage, which was under seal and contained a covenant binding the mortgagor to pay all reasonable attorney's fees of collecting the note if the note was not paid at maturity. The two instruments were separate and distinct, and founding the action upon both did not aid one of them to uphold or extend the other. This court has ruled that the bar of the statute might attach upon a promissory note secured by mortgage, and the mortgage itself be still enforceable against the specific property, the proceeding to foreclose being commenced before the mortgage also was barred. *Elkins* v. *Edwards*, 8 *Ga.* 325. This implies that each instrument will go out of date when the period of time has elapsed fixed by the statute for bringing actions upon instruments of its own class. Let it be conceded that the covenant in the mortgage to pay attorney's fees would run and retain vitality as long as the lien which the mortgage creates, still the declaration does not disclose that any attorney's fees have been incurred in any proceeding to collect the note commenced whilst the note was collectible by law. Surely the covenant is not susceptible of the construction that attorney's fees are to be paid for an ineffectual attempt to collect the note, made in this present suit, a suit begun after the bar of the statute had attached. No breach of the covenant would or could result from the non-payment of counsel fees for commencing and prosecuting an ineffectual action on a barred debt; and

it is this covenant alone that connects the mortgage with the purpose of the action, for the judgment sought is a judgment *in personam* and no other. There is no prayer to foreclose the mortgage; and indeed, under the statute applicable to ordinary foreclosure proceedings, the superior court of Bibb county would have no jurisdiction for that purpose, the mortgaged property being land situate in Putnam county. Code, §3962; *Hackenhull* v. *Westbrook*, 53 *Ga.* 285. It might be otherwise if foreclosure were sought in equity. Code, §3979(a). There was no error in dismissing the action.

*Judgment affirmed.*