## LINDSEY *v.* PORTER & GARRETT.

BECK, J.  **1.** Where upon a petition filed in 1892 to foreclose a mortgage in equity a judgment was rendered foreclosing the mortgage, while, so far as the same may purport to be a general personal judgment, it is dormant because of failure to issue an execution thereon in terms of the statute relating to dormancy of judgments, it is valid and enforceable

as a decree foreclosing a mortgage. *Conway* v. *Caswell,* 121 *Ga.* 254 (48 S. E. 956, 2 Ann. Cas. 269).

2. The decree is not invalid and void because rendered without a verdict of a jury. The mortgagee filed his petition in equity to foreclose the mortgage under the provisions of the Civil Code, § 3305. There was no appearance by the mortgagor. There was no question of fact involved requiring decision by a jury, and the judge properly rendered the decree without the verdict of the jury, under the provisions of the Civil Code, § 5422. *Judgment affirmed. All the Justices concur.*
JULY 18, 1913.

Illegality of execution. Before Judge Daniel. Butts superior court. February 23, 1912.

*W. A. Thompson* and *John R. L. Smith,* for plaintiff in error.
*O. M. Duke,* contra.