### 6223.   HARRISON *et al. v.* DOUGLAS.

1. There was no error in overruling the demurrer to the plaintiff's petition.
2. The demurrer to so much of the defendant's answer as sought to set up the bar of the statute of limitations was properly sustained.

DECIDED AUGUST 6, 1915.

Action on bond; from city court of Nashville—Judge Christian. November 9, 1914.

*J. W. Powell, W. G. Harrison,* for plaintiffs in error.
*Knight & Chastain, Walter R. Brown,* contra.

RUSSELL, C. J.   On March 21, 1904, Harrison, as principal, and Tygart and Avera, parties of the first part, as sureties, entered into an obligation under seal, by which they bound themselves to Robert Dun Douglas, party of the second part, in the sum of $1,000, on condition that the obligation should be void if the principal, Harrison, should pay over, deliver, and account for, to Robert Dun Douglas and his associates, or to their principals or to other persons entitled thereto, all moneys, chattels, evidences of debt, and property of every description belonging to Robert Dun Douglas and his associates or to their principals, "which shall or may come into his possession, or under his control, in the course of any business that may be placed in his charge by said party of the second part and his associates, as agents aforesaid, and shall well and truly pay and discharge all debts which in course of such business may incur to said party of the second part and his associates, or to their principals." It was stated in the contract that Douglas and his associ-

ates did business under the name and style of the Mercantile Agency. The bond further expressly stipulated that "the true intent and meaning of the parties to this instrument is that, upon any default in the condition thereof, a cause of action hereon shall accrue to the party of the second part, his executors, administrators, or assigns, who upon a recovery thereof shall be liable to account for the amount so recovered to any person, or persons, in respect to whose money, property, or debt, such default may have occurred."

Robert Dun Douglas brought a suit on this bond in the city court of Nashville, to recover damages for alleged breaches of the contract. It was alleged that on or about February 22, 1908, the Mercantile Agency forwarded to Harrison an account of the Wheeling Potteries Company against F. H. Hall, of Adel, Georgia, amounting to $65.58, and that on some day between June 1, 1908, and the filing of the suit, Harrison collected from Hall, in settlement of the account, $65.58, which he failed to remit to the petitioner and his associates, or to their principals. The second breach of the bond was alleged to consist in the fact that on or about December 20, 1907, the Mercantile Agency forwarded to W. G. Harrison the account of Regal Manufacturing Company against J. H. Kennon of Adel, Georgia, amounting to $46.95, and that about September 25, 1908, or some day between that time and the filing of the suit, Harrison collected the sum of $46.95 from Kennon in settlement of the account, and failed to remit the same to the petitioner and his associates, or their principals. The damages sought to be recovered upon these two breaches are fixed in the petition by the amount alleged to have been collected from Hall and Kennon, together with interest. It is alleged that demand has been made on all three of the defendants to make good their bond, and a refusal on the part of each to do so is alleged. The defendants demurred generally to the petition, and also demurred specially upon the ground that the petition fails to show who are the associates of the plaintiff Robert Dun Douglas, and whether they are corporations or individuals, and that neither the residence of Robert Dun Douglas nor his associates is shown, nor where their places of business are; and that the petition does not show whether the Mercantile Agency is a corporation or a partnership, or where its place of business is; also upon the ground that the petition does not show where the accounts came from, and the allegation as to

the collections made by the defendant Harrison is too vague and indefinite to put him on such notice as will enable him to answer the same. The defendants further demurred upon the ground that the claim was barred by the statute of limitations. The court overruled the demurrers to the petition.

We think the judgment overruling the demurrers to the petition was correct. The demurrers were predicated upon the theory that the action was either a suit upon an account or a suit to recover money had and received, whereas it was plain, from all of the allegations of the petition, that the action was a suit upon the bond, to recover damages for the breaches alleged. It is wholly immaterial to the defendants what is the residence of the plaintiff or of the persons alleged to be associated with him. It is likewise, under the terms of the bond, immaterial, so far as the rights of the defendants are concerned, whether the Mercantile Agency be a corporation, a partnership, or a mere trade name. The court was clearly right in overruling the demurrer based upon the ground that the action was barred by the statute of limitations, although the defendant may have collected the accounts named in the petition more than five years prior to the suit; for the bond is under seal, and recovery may be had thereunder any time within twenty years. The petition alleged that the claims were sent to the defendant Harrison by the plaintiff and his associates, and were collected by Harrison, and that Harrison had not accounted for the collection. If these allegations are established by proof, the plaintiff is entitled to recover.

The defendants filed an answer admitting the execution of the bond which is the basis of the action. They denied that the defendant Harrison ever received the claims mentioned in the petition from Robert Dun Douglas, though he admitted that he did receive such claims from R. G. Dun & Company, and averred that he never collected the amounts claimed from either Hall or Kennon, though he alleged also that whatever was collected was long ago remitted to the source from which the claims were received. The plaintiff demurred to the answer, upon the ground that the allegations as to payment of amounts collected by the defendant Harrison did not set out how, when and to whom the payments were made by Harrison; and also demurred to that paragraph of the answer in which it was pleaded that the action was barred by

the statute of limitations. The court overruled the demurrer to the answer, except the ground addressed to the paragraph in which the statute of limitations was pleaded; and this was sustained, and this part of the plea stricken. The ruling of the court in sustaining so much of the demurrer to the defendant's answer as pleaded the bar of the statute of limitations was correct, for the reason, already stated, that the action was based upon the bond. If the point had been presented by cross-bill of exceptions, we should hold that, in response to the demurrer to the answer, the court should have required the defendants to state when, how, and to whom the alleged payments of the amounts collected on the accounts named in the petition were made. In the absence of exception, the judgment of the trial court on that point, in overruling the demurrer to the answer, is the law of the case, and the real issues in this case are whether the defendant Harrison received the accounts against Hall and Kennon from the plaintiff, or the plaintiff and his associates (under whatever name they may have been doing business, or wherever may have been the place of business from which the claims were sent to Harrison), and whether, after having collected the claims or any part of either of them, he failed to remit the proceeds either to the plaintiff and his associates or to their principals,—the principal in Hall's case being the Wheeling Potteries Company, and in Kennon's case the Regal Manufacturing Company. If neither of the claims was sent to Harrison by Douglas or any of his associates, he has a clear defense upon this ground. If neither of them was collected his defense is equally valid. If the amounts collected by Harrison were remitted by him to the principals, Wheeling Potteries Company or the Regal Manufacturing Company, and that fact is made to appear, he has a complete defense to the action. Though the plaintiff might have been entitled to know to whom, and how, and when the payments were made which are alleged by the defendant, because the person, corporation, or partnership to which the payments were made may or may not have been an associate of the plaintiff or may or may not have been a properly authorized agent or representative of the Wheeling Potteries Company or Regal Manufacturing Company, his failure to make timely exception to the ruling of the court in overruling his demurrers to the answer precluded him from requiring that the answer be amended. However, under the

express terms of the bond, payment of any amounts collected upon the accounts named in the suit to any other person than Douglas and his associates, or to the Wheeling Potteries Company and the Regal Manufacturing Company, would afford the defendant no defense against the present action, if the claims mentioned in the petition were sent to Harrison by the plaintiff or by the plaintiff's associates.

Had the writ of error sought only to present for review the rulings upon the defendants' answer, it would have been premature and subject to the motion to dismiss, made by counsel for the defendant in error, but the bill of exceptions is not subject to dismissal, for this court has jurisdiction of the question raised by the rulings upon the demurrer to the petition. The plaintiffs in error had the right to have the ruling of the lower court upon the demurrer to the petition reviewed, because, although, under the ruling as made, the case is still pending in the city court of Nashville, the case would have been finally disposed of in that court if the judge had ruled as the plaintiffs in error contend he should have done. There being no question of this court's jurisdiction to deal with the writ of error, we deem it proper at this time to dispose also of the question presented by the ruling of the lower court upon the demurrer to the answer. *Judgment affirmed.*