### 14479.   HINSON v. DAVIS.

This action was barred by the statute of limitations as to actions on open accounts, although it appeared that goods included in the account sued on were sold and delivered to the defendant in accordance with written contracts under seal, by which title to the goods was retained in the

seller as security for the payment of the purchase price. The court did not err in granting a nonsuit because of this bar, which was pleaded by the defendant.

DECIDED JUNE 12, 1923. REHEARING DENIED JULY 10, 1923.

Attachment; from city court of Waycross — Judge Crawley. March 19, 1923.

Application for certiorari was made to the Supreme Court.

The motion for nonsuit and the judgment granting the nonsuit were based on the ground that the plaintiff's evidence showed that the action was barred by the four-years limitation as to actions on open accounts; which limitation had been set up by the defendant's plea.

*Herbert W. Wilson, Wilson & Bennett,* for plaintiff.

*Jerome Crawley,* for defendant.

BROYLES, C. J. Under the facts of the case the plaintiff's cause of action was barred by the statute of limitations, and the court did not err in awarding a nonsuit.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

### ON MOTION FOR REHEARING.

BROYLES, C. J. This suit was brought upon an open account for certain goods purchased by the defendant from the plaintiff. The defendant pleaded that the account sued on was made more than four years before the filing of the suit, and, therefore, that the plaintiff's right of action thereon was barred by the statute of limitations. The plaintiff thereupon amended its petition by alleging that the goods named in the account sued upon were sold and delivered to the defendant in accordance with certain written contracts signed by the defendant, and that the goods were received by the defendant at the prices and on the terms stated in the contracts. The written contracts were introduced in evidence, and proved to be retention-of-title contracts signed by the defendant under her seal. It is insisted by counsel for the plaintiff that as these written contracts were under seal, the plaintiff's cause of action would not be barred within twenty years. Under all the particular facts of the case we cannot agree with this contention. A cause of action upon the written contracts under seal would not, of course, be barred until the lapse of twenty years, but this suit, as we view it, is upon an open account, and the

written sealed retention-of-title contracts were executed merely to secure the payment of the open account, and created a lien for that purpose. We are confirmed in this view by the particular language of the written contracts. We think that the account sued upon was barred by the statute of limitations, but this will not prevent the plaintiff from bringing a proper action upon the retention-of-title contracts. See, in this connection, Civil Code (1910), § 3268; *Elkins* v. *Edwards*, 8 *Ga.* 325; *Shipp* v. *Davis*, 78 *Ga.* 201 (5) (2 S. E. 549); *Allen* v. *Glenn*, 87 *Ga.* 414 (13 S. E. 565); *Conway* v. *Caswell*, 121 *Ga.* 254 (1), 257, 258 (48 S. E. 956); *Ray* v. *Harris*, 138 *Ga.* 432 (75 S. E. 477).

  *Rehearing denied. Luke and Bloodworth, JJ., concur.*