FELTON *v.* WHITFIELD *et al.*, trustees.

RUSSELL, C. J.   1. The striking of the plea which was termed a plea in abatement, if error, was not such as to require a reversal of the judgment in this case. .In the first place, it contains matter not appropriate to a plea in abatement; and in so far as it contains other allegations of fact essential to the defense, these matters were contained in the answer, as to which evidence was submitted upon the trial, thereby leaving the questions of fact to be decided by the jury.

2. Attorney's fees are not recoverable in an equitable action brought to foreclose a mortgage, when the note to secure which the mortgage was given has become barred by the statute of limitations.  "The covenant in the mortgage is to be construed as applying to attorney's fees incurred in proceedings to collect the note, commenced whilst it was collectible by law, and not after the bar of the statute had attached." *Allen* v. *Glenn,* 87 *Ga.* 414 (13 S. E. 565).  But the judgment of the court below will not be reversed for this error, provided that, within ten days after the remittitur from this court is made the judgment of the court below, the plaintiffs write off the amount of attorney's fees. On failure to do so, a new trial is to be granted.

> *Judgment affirmed, on condition.   All the Justices concur.*

No. 5338.   FEBRUARY 25, 1927.

Equitable foreclosure.   Before Judge Littlejohn.   Macon superior court.   January 21, 1926.

*Hatcher & Smith,* for plaintiff in error.

*Jule W. Felton,* contra.

.   Appeal and Error, 4 C. J. p. 939, n. 21; p. 1143, n. 3.
Mortgages, 27 Cyc. p. 1784, n. 27 New.
Pleading, 31 Cyc. p. 636, n. 99.