27016. ALROPA CORPORATION *v.* RICHARDSON *et al.*

Decided November 8, 1938.

*Dillon & Rose,* for plaintiff.
*Evins, Quillian & Evins,* for defendants.

Guerry, J. On November 4, 1925, James C. Richardson and Jessie D. Richardson executed to named parties a promissory note for $1000. On the same date they executed a mortgage on described land to secure the payment of the note. The plaintiff in the present suit alleged that the note had been properly transferred to it in writing. The petition alleges that the defendants

are indebted to the plaintiff by reason of the note and mortgage so executed, that the mortgage was executed under seal, and that "defendants covenanted inter alia: 'to pay all and singular the principal and interest and other sums of money payable by virtue of said promissory note and this deed, or either, promptly and on the days respectively the same severally become due;'" and that "petitioner brings this action and bases its right to recover on the covenant contained in the mortgage." The prayer is for principal, interest, and attorney's fees. Counsel for the plaintiff expressly bases his action squarely on the covenant contained in the mortgage, and not on the promissory note. A general demurrer was sustained and the action dismissed. The question presented and argued by both counsel before this court may be stated as follows: Can a personal judgment be obtained by the mortgagee against the mortgagor under a covenant contained in the mortgage "to pay all and singular the principal and interest and other sums of money payable by virtue of said promissory note and this deed, or either, promptly on the days respectively the same severally become due," where it appears that an action on the note, executed simultaneously therewith, and attached to and made a part of the petition, has become barred by the statute of limitations? The general demurrer was properly sustained on other grounds, and it is not necessary to decide the above question. The following cases should be examined in connection therewith. *Allen* v. *Glenn,* 87 *Ga.* 414 (13 S. E. 565); *Ray* v. *Harris,* 138 *Ga.* 432 (75 S. E. 714); *Felton* v. *Whitfield,* 163 *Ga.* 841 (136 S. E. 914); *Kern* v. *Herring,* 145 *Ga.* 776 (89 S. E. 829); *Elkins* v. *Edwards,* 8 *Ga.* 325; *Pusser* v. *Thompson,* 132 *Ga.* 280 (64 S. E. 75); *Myers* v. *Warrenfells,* 153 *Ga.* 648 (113 S. E. 180); *Simmerson* v. *Herringdine,* 166 *Ga.* 143 (142 S. E. 687); *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10); *Lindsey* v. *Porter,* 140 *Ga.* 249 (78 S. E. 848); *Shipp* v. *Davis,* 78 *Ga.* 201; *Conway* v. *Caswell,* 121 *Ga.* 254 (48 S. E. 956); *Harris* v. *Black,* 143 *Ga.* 497 (85 S. E. 742); *Hinson* v. *Davis,* 30 *Ga. App.* 356 (118 S. E. 481); *Harrison* v. *Douglas,* 16 *Ga. App.* 693 (85 S. E. 970), overruled on another point in 22 *Ga. App.* 349; *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868); *Persons* v. *Dallas,* 178 *Ga.* 778 (174 S. E. 699).

It is not alleged in the petition, nor does it appear from the exhibits attached thereto, that the mortgage was transferred to the

Alropa Corporation although the note appears to have been transferred by proper indorsement. The transfer of notes secured by a mortgage conveys to the transferee the benefit of the security. Code, § 14-1802. Also, where the mortgage has been delivered, but not transferred in writing, the person to whom the mortgage is delivered may foreclose same. §§ 67-1706, 67-1707. This may be done by a proceeding in the name of the transferee. *National Bank of Athens* v. *Exchange Bank of Athens,* 110 *Ga.* 692, 696 (36 S. E. 265). While thus the transferee of a promissory note secured by a mortgage may assert the lien contained in the mortgage, even though the mortgage is not transferred in writing, yet in such case the legal title to the mortgage does not pass to the transferee of the note, so as to entitle the transferee to a judgment in a suit in his own name on an independent covenant, contained in the mortgage, to pay said sums due by virtue of the promissory note. See *Thornton* v. *Reeve,* 41 *Ga. App.* 446 (153 S. E. 436); *Foster* v. *Sullive,* 110 *Ga.* 297 (34 S. E. 1037); *Allen* v. *Commercial Credit Co.,* 155 *Ga.* 545 (117 S. E. 650). The petition in the present case should have affirmatively disclosed that the mortgage had been transferred to the plaintiff in writing; and failing in this, it was subject to general demurrer. As we have pointed out, this suit was not filed in the name of the original mortgagee for the use of the plaintiffs, but it was filed by one who was a stranger to the mortgage, and to whom the note which said mortgage was given to secure had been properly transferred.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*