39785.   SORRENTO ITALIAN RESTAURANT, INC.
v. FRANCO et al.

DECIDED JANUARY 18, 1963—
REHEARING DENIED FEBRUARY 6, 1963.

302

*Ernest D. Brookins, G. Ernest Tidwell, Edwin W. Ross*, for plaintiff in error.

*Sidney I. Rose, Rose & Lappas, Hugh A. Wills*, contra.

JORDAN, Judge. The trial court did not err in sustaining the

general demurrer to the petition of the plaintiff corporation for the reason that it was not alleged in said petition that there had been a written assignment of the lease agreement by the assignees of the original lessee to the plaintiff corporation. This being a suit brought ex contractu to recover damages for breach of a written contract, the plaintiff corporation must necessarily show that it was a party to the contract sued upon by assignment from the assignees of the original lessee (no question of third party beneficiary being involved herein) (*Code Ann.* § 3-108); and, said contract being in writing, the petition must affirmatively show that the transfer or assignment was in writing in order to withstand the defendants' general demurrer. *Merchants Grocery Co. v. Shawnee Milling Co.*, 86 Ga. App. 848, 851 (72 SE2d 797); *Alropa Corp. v. Richardson*, 58 Ga. App. 656, 657 (199 SE 666).

The contention of the plaintiff corporation that the allegations of the petition were sufficient to show a waiver by the defendant lessors of the provisions of the original lease agreement requiring that any assignment by the lessee must be consented to in writing by the lessors in order to be valid, is unavailable here for the reason that the petition does not show that the interest of the sublessees had in fact been transferred or assigned in writing to the plaintiff. In the absence of an assignment to the plaintiff by the assignees of the original lessee, the plaintiff, as a mere stranger to the contract, could not assert any rights thereunder or invoke any waiver of rights by the defendant lessors.

The allegations of the petition, when construed most strongly against the pleader, show that the plaintiff corporation occupied the leased premises as a tenant at will by virtue of an oral agreement between the defendant lessors and the plaintiff corporation and do not disclose the requisite privity of contract between the plaintiff corporation and the defendants to allow recovery in an action at law instituted by the plaintiff in its own name for damages arising from the alleged breach of the terms of the lease agreement. *Kohn v. Colonial Hill Co.*, 38 Ga. App. 286 (1) (144 SE 33).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*