48211, 48212. ELLENBERG et al. v. PINKERTON'S, INC.; and vice versa.

48213. CENTRAL OF GEORGIA RAILWAY COMPANY v. ELLENBERG et al.

ARGUED MAY 4, 1973 — DECIDED NOVEMBER 1, 1973 — REHEARING DENIED NOVEMBER 21, 1973 —

*Myers & Parks, John R. Parks,* for Ellenberg.

*Wright & Faircloth, G. Mallon Faircloth,* for Pinkerton.

*Landau, Davis & Farkas, Edmund A. Landau,* for Central of Ga.

PANNELL, Judge. ■ *The main appeal, Case No. 48211.* Our disposition of the cross appeals moots the main appeal and it must be dismissed.

■ *The cross appeals, Cases Nos. 48212, 48213.* Defendants enumerate that the trial judge erred in denying their motions for judgments notwithstanding mistrial as to the plaintiff, Mrs. Ellenberg. The latter's testimony at the trial reflects that there was no viable evidence to support the complaint. Mrs. Ellenberg merely testified that from her window she saw a white car drive slowly along the adjacent county road on several occasions over a three day period and one time had seen it parked across the road. On that occasion her landlord, Mr. Albritton, had stopped and had talked to the occupant and then driven off. Mrs. Ellenberg never testified that she suffered mental anguish or fright or fear that Mr. Maddox would harm them, or that she suffered additional mental anguish from the reaction of plaintiffs' neighbors and friends; all as alleged in the complaint. The record merely reflects a reasonable surveillance of the Ellenbergs' residence from a public road which apparently piqued Mrs. Ellenberg's curiosity. The surveillance clearly did not exceed the limits of decency, nor could it be held offensive to persons of ordinary sensibilities as contemplated by the Restatement of the Law, Torts, § 867. See *Pinkerton &c. Agency v. Stevens,* 108 Ga. App. 159, 167 (132 SE2d 119). In *Cabaniss v. Hipsley,* 114 Ga. App. 367, 370 (151 SE2d 469) this court adopted Dean Prosser's four tort rule as delineated in his article, "Privacy," 48 Calif. L. Rev. 383 (1960). In that opinion, the torts are discussed at length. We do not propose to recite the case law contained

therein. Suffice it to state that the testimony and exhibits in the case sub judice reflect no intrusion upon Mrs. Ellenberg's seclusion or solitude, or into her private affairs. They do not constitute a public disclosure of embarrassing private facts, or evidence publicity which places her in a false light in the public eye. The evidence demands a verdict for defendants insofar as plaintiff, Mrs. Ellenberg is concerned.

■ Defendants all enumerate the same error discussed in Division 2, supra, but relate it to the plaintiff, Mr. Ellenberg. Again, the complaint is not supported by the testimony. We find nothing to indicate other than a reasonable surveillance was conducted. Mr. Maddox's car was observed on a county road driving slowly by the Ellenbergs' residence on several occasions, once parked at the intersection formed with the highway, and following him on other public roads, and once in Americus, Georgia. This allegedly caused general alarm to Mr. Ellenberg and his friends. Illustrative of the latter class was a then Sergeant Detective Grant, Americus Police Department, who testified that he had observed Mr. Maddox's car both traveling and parked at an old grocery store. However, he abandoned all thoughts of inquiring as to Mr. Maddox's business in the neighborhood when his wife learned of his intentions and "got in a turmoil." Apparently, the alarm allegedly generated in this policeman by Mr. Maddox's surveillance was subservient to the fear of a sharp tongue. His testimony reflects no more than idle curiosity. Mr. Ellenberg's testimony is no stronger. He testified that he thought Central of Georgia lay behind the surveillance and had gone to the trouble of having Mr. Maddox's car license plate checked as to ownership and in ascertaining the motel where Mr. Maddox was staying, yet he did not file a complaint with anyone, or communicate with Mr. Maddox.

Reasonable surveillance is recognized as a common method to obtain evidence to defend a lawsuit. It is only when such is conducted in a vicious or malicious manner not reasonably limited and designated to obtain information needed for the defense of a lawsuit or deliberately calculated to frighten or torment the plaintiff, that the courts will not countenance it. *Pinkerton &c. Agency v. Stevens,* supra. The law in other states is not to the contrary. See Forster v. Manchester, 410 Pa. 192 (189 A2d 147) and Tucker v. American Employers Ins. Co. (Fla.), 171 S.2d 437.

■ Defendants enumerate as error the trial court's denial of their motion for judgment notwithstanding mistrial as to count 4

of the amended complaint, which alleged trespass on private farm property. Mr. Ellenberg testified that he had bought some 100 acres of land about a mile from his house and had rented the property to another prior to the alleged trespass. Following the incident, Mr. Ellenberg had inspected the property and found no damage. Although disputed, we will assume arguendo that a trespass did occur. Code § 105-1404 reads as follows: "The person having title to lands, if no one is in actual possession under the same title with him, may maintain an action for a trespass thereon; and if a tenant is in possession and the trespass is such as injures the freehold, the owner, or a remainderman or reversioner, may still maintain such action." Mr. Ellenberg, having admitted that there was a tenant in possession and that there was no damage to the freehold, cannot maintain his action. See *Southern R. Co. v. State of Ga.*, 116 Ga. 276 (1) (42 SE 508).

*Judgment reversed as to cross appeals with direction to enter judgment for defendants. The main appeal is dismissed. Eberhardt, P. J., and Stolz, J., concur.*