## 64256. JONES et al. v. HUDGINS.

QUILLIAN, Chief Judge.

This is an appeal by the plaintiffs in an invasion of privacy action from a grant of summary judgment to the defendant on the ground that the action was barred by the statute of limitation.

Appellant Worthington was president and majority stockholder of appellant Diamond Roofing Company (Diamond). Appellant Jones was Worthington's and Diamond's accountant. Appellee Hudgins was employed by Worthington as vice-president of Diamond and was a minority stockholder. In 1974, some burglaries occurred on the Diamond premises. Suspecting an inside job, Worthington and Hudgins connected tape recording devices to certain telephones on the company premises to try to find out who was involved in the burglaries. At the end of each day the tape recordings were reviewed by either Worthington or Hudgins. In August or September, 1974, Worthington had a lengthy telephone conversation with Jones, mainly concerning how to minimize tax liability, which was tape recorded. Jones did not know of the recording system and Worthington testified that he did not realize that his own office telephone was connected to the system. Hudgins reviewed the tape that night and heard the recorded conversation of Worthington and Jones. Contrary to usual practice, Hudgins did not erase the tape or return it to the office or mention it to Worthington or Jones, but kept it in his possession and eventually put it in his safe deposit box. In August, 1977, after Hudgins had left the company, Worthington and Jones first became aware of the existence of the recording when another former employee had it produced by subpoena in a suit against Worthington and Diamond. When Worthington demanded the tape from Hudgins, Hudgins refused and made demand on Worthington and Diamond for damages concerning his ownership interest in Diamond. In March, 1978, appellants commenced this action against Hudgins for invasion of privacy, alleging mental distress on the part of Jones. The trial court granted Hudgins summary judgment on the grounds that the action was barred by the two-year statute of limitation of Code Ann. § 3-1004 (Ga. L. 1767, Cobb, 562 as amended through 1964, p. 763). *Held:*

1. Appellants assert that the invasion of privacy alleged is an injury to a property right to which the four-year limitation of Code Ann. § 3-1003 (Ga. L. 1833-6, p. 232) applies, not an injury to the person for which Code Ann. § 3-1004 has the limitations of two years for injury to the person generally and one year for injury to reputation.

There are four ways in which the tort of invasion of privacy can occur: (1) intrusion into private affairs, (2) public disclosure of private facts, (3) publicity placing one in a false light, and (4) appropriation of name or likeness. 62 AmJur2d 718, Privacy, § 26. The allegations of the complaint fall under the intrusion and public disclosure modes.

Code Ann. § 3-1003 states: "All suits for the recovery of personal property, or for damages for the conversion or destruction of the same, shall be brought within four years after the right of action accrues and not after." This language refers to tangible personalty which has been appropriated, converted or destroyed. On its face, it does not appear to be applicable to an intangible intrusion into a private conversation or public disclosure thereof.

Part of the gravamen of this action is injury to reputation because of public disclosure and Code Ann. § 3-1004 specifically refers to injuries to reputation in providing a one-year limitation therefor.

We find no Georgia authorities on this issue, however a decision of the Pennsylvania Superior Court on the issue of what statute of limitation should be applied in a right to privacy action for appropriation of a picture is persuasive. In applying the statute of limitation for injury to the person, the court said: "It has been said: 'The gravamen of the action . . . is the injury to the feelings of the plaintiff, the mental anguish and distress caused by the publication . . .

'Since, under the law, recovery may be had for an invasion of the right of privacy for injured feelings alone, the wrongs redressed must be considered as a direct rather than an indirect injury and one that is wholly personal in character, not depending on any effect which the publication may have on the standing of the individual in the community. It seems to us that the mind of the individual, his feelings and mental processes, are as much a part of his person as his observable physical members. An injury, therefore, which affects the sensibilities is equally an injury to the person as an injury to the body would be. In that respect a cause of action for the violation of the right of privacy, causing mental suffering to the plaintiff, is an injury to the person.' [Cits.]" Hull v. Curtis Publishing Co., 182 Pa. Super. 86 (1), 97 (125 A2d 644 (3)).

Therefore, we find that the trial court did not err in determining that the four-year statute of limitation for injury to property was not applicable.

2. Remaining is the issue of when the statute of limitation started to run, or when did the cause of action accrue. Usually a statute of limitation commences to run when the tortious event occurs. *Carroll County Gas Co. v. Parker,* 126 Ga. App. 27 (189 SE2d

913).

As to the allegation of intrusion which occurred in 1974, appellants contend that actual fraud on the part of appellee prevented them from discovering the intrusion until it was made known to third parties in August 1977, thereby tolling the statute until that time.

Code Ann. § 3-807 (Ga. L. 1855-6, p. 236) provides: "If the defendant . . . shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud."

Only actual fraud tolls the statute of limitation. Such fraud arises either where fraud is the gravamen of the action or, if actual fraud is not the gravamen, there must be a separate independent actual fraud involving moral turpitude which prevents the plaintiff from bringing his action. *Shipman v. Horizon Corp.,* 245 Ga. 808 (267 SE2d 244). Since no fraud is alleged in the instant case, the latter rule applies.

" 'Where a right of action exists because of wrongful conduct which does not involve actual fraud, in order to prevent the statute of limitations from running by reason of the fraud of the party committing it, consisting in the concealment of such conduct, there must be something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the existence between the parties of a confidential relation.' [*American Nat. Bank v. Fidelity &c. Co.,* 131 Ga. 854 (63 SE 622)]." *Shipman v. Horizon Corp.,* 245 Ga. 808, 809, supra.

In the instant case there is evidence that there was more than a mere failure on the part of appellee to disclose to appellants that he had heard their conversation. The evidence tends to show as follows: The tape recording was not his property but that of Diamond. It did not pertain to him by name in any way. Instead of returning it to its rightful owner or erasing it or informing Worthington that he had it, appellee converted it to his own use and affirmatively concealed it in a place accessible only to him until 1977 when he disclosed its existence to a third party whose interests were adverse to appellants.

Although appellee denies any fraudulent intent we find from the foregoing circumstances a factual issue as to whether appellee fraudulently concealed the existence of the alleged intrusion from appellants which would toll the statute of limitation, and which should be decided by a jury.

" . . . [T]he holding in *Brown v. Brown,* 209 Ga. 620 (7) (75 SE2d 13), a case involving fraud, is appropriate to this case: 'If the sole question is one as to the length of time which has elapsed between the

accrual of the right and the institution of the action, the question as to whether the action is barred would be one of law; but where, as in this case, there are facts involving fraud and excuses for delay in discovering the fraud, the question becomes one of mixed law and fact, and is a proper question for determination by a jury under proper instructions from the court. (Cits.)' " *Piedmont Pharmacy v. Patmore,* 144 Ga. App. 160 (3), 163 (240 SE2d 888).

As to the allegation of public disclosure resulting in injury to reputation, the right of action for injury to reputation accrues when the act by which reputation is injured occurs. *Irvin v. Bentley,* 18 Ga. App. 662 (3) (90 SE 359). Since the alleged injury to reputation in this case did not occur until the public disclosure in August 1977, that portion of the cause of action did not accrue until that time.

Appellants having commenced this action in March 1978, within one year after they discovered the alleged intrusion concealed by appellee's possible fraud and when the alleged damage to reputation occurred, the trial court erred in granting summary judgment to appellee.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1982 —
REHEARING DENIED OCTOBER 8, 1982 —

*J. Corbett Peek, Jr., William D. Barwick,* for appellants.
*Warren W. Wills, Robert U. Wright,* for appellee.