70101. MERZ et al. v. PROFESSIONAL HEALTH CONTROL OF
AUGUSTA, INC.
(332 SE2d 333)

SOGNIER, Judge.

Oscar and Johanna Merz brought suit against Professional Health Control of Augusta, Inc. (PHC) under various tort theories to recover damages which allegedly resulted when PHC filmed four television commercials on property owned by the Merzes while under lease to Mark and Donna Plants (lessees). The trial court granted summary judgment in favor of PHC. The Merzes appeal.

1. Appellants contend the trial court erred by granting summary judgment to appellee because questions of fact remain as to their claims of breach of contract and quantum meruit. Appellee entered onto appellants' property and filmed four pool-side commercials promoting appellee's diet and weight loss business with the permission of the lessees, who had leased the residence during the year appellants were out of the country. Appellants contend appellee breached those parts of the lease which provided that the premises would be "occupied only as a residence" and "used only for residential purposes." However, appellants' claim of breach of contract fails in view of the uncontroverted evidence that appellee was not a party to the lease contract between appellants and the lessees and no third-party beneficiary issue is involved. See OCGA § 9-2-20 (a); *Sorrento Italian Restaurant v. Franco*, 107 Ga. App. 301 (129 SE2d 822) (1963). As to appellants' claim of quantum meruit, there is no allegation or inference of an allegation in appellants' complaint or amended complaint from which it fairly could be determined that appellants were asserting any claim in quantum meruit against appellee. Therefore, the trial court did not err by granting summary judgment to appellee in regard to this issue. See *Duenas v. Bence*, 174 Ga. App. 80 (329 SE2d 260) (1985).

2. We find no merit in appellants' argument that summary judgment was erroneously granted to appellee on appellants' claim of trespass. It is uncontroverted that appellee was on the property at the express invitation of the lessees, and although appellants allege there was physical damage to the freehold estate, appellants presented no evidence to rebut lessee Mark Plants' affidavit that appellee's activi-

ties on the property were not the cause of any alleged damage. See OCGA § 51-9-4; *Ellenberg v. Pinkerton's, Inc.*, 130 Ga. App. 254, 257-258 (4) (202 SE2d 701) (1973).

3. Appellants contend the trial court erred by granting summary judgment in favor of appellee on their claim of invasion of privacy. Appellants argue that appellee's filming of commercials on property leased by the Plants and with the permission of the lessees while appellants were in Borneo, Indonesia, constituted an "intrusion upon [appellants'] seclusion or solitude, or into [their] private affairs." *Cabaniss v. Hipsley*, 114 Ga. App. 367, 370 (151 SE2d 496) (1966). See also *Jones v. Hudgins*, 163 Ga. App. 793, 794 (295 SE2d 119) (1982). "It would seem to require no argument that there was no physical intrusion into [appellants'] seclusion, solitude or private affairs here. See *Hines v. Columbus Bank & Trust Co.*, 137 Ga. App. 268 (223 SE2d 468) (1976)." *Williams v. Church's Fried Chicken*, 158 Ga. App. 26, 32 (279 SE2d 465) (1981). Nor do we find appellants have a cause of action for the wrongful invasion of the leased premises since, even assuming arguendo that appellee's activities on the property constituted a "wrongful invasion," appellants, by executing the lease, contracted away any expectations of privacy as to the leased property. Compare *Ford Motor Co. v. Williams*, 108 Ga. App. 21 (3) (b) (132 SE2d 206) (1963), rev'd on other grounds, 219 Ga. 505 (134 SE2d 32). Any wrongs to be redressed for a wrongful invasion of the leased property would accrue to those directly injured by the wrong — the lessees who inhabited the residence — rather than appellants, whose sensibilities as landlords of the leased property could have been injured indirectly at best. See generally *Jones*, supra at 794. Accordingly, the trial court did not err by granting summary judgment to appellee on this issue.

Further, we find no merit in appellants' argument that a question of fact remains in their allegation that their right of privacy was invaded because appellee's commercials constituted publicity which placed them in a false light. *Cabaniss*, supra at 370. Three of appellee's advertisements depicted employees and clients of appellee's business sitting at a pool-side table discussing the merits of appellee's weight loss program. The fourth advertisement showed a man, a woman and a young boy each bouncing on an individual trampoline in the vicinity of a swimming pool. None of the advertisements contain any likeness of appellants nor any readily apparent indication that the setting is the backyard of appellant's property. "To constitute the tort of invasion of privacy by publicity which places one in a false light in the public eye, there must be established as one of the elements of the tort, that the publicity was false; to wit, it depicts the plaintiff as something or someone which he is not. [Cit.]" *Brown v. Capricorn Records*, 136 Ga. App. 818, 819 (1) (222 SE2d 618) (1975).

This element of falsity is absent from appellants' evidence and appellee, having thus negated one essential element of appellants' claim, was properly granted summary judgment by the trial court. Id.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 31, 1985 —
REHEARING DENIED JUNE 12, 1985 —

*Robert M. Goldberg*, for appellants.
*Edward J. Coleman III*, for appellee.