United States Court of Appeals,

Eleventh Circuit.

No. 94-8722.

Cheryl W. SUMMERS, Individually and as assignee of Charles T. Perry, Plaintiff-counter-defendant-Appellant,

v.

Claude W. BAILEY, Defendant-counter-claimant-Appellee.

June 27, 1995.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:90-CV-1920-RLV), Robert L. Vining, Jr., Chief Judge.

Before CARNES and BARKETT, Circuit Judges, and GIBSON[*], Senior Circuit Judge.

BARKETT, Circuit Judge:

Cheryl Summers appeals the district court's grant of summary judgment in this tort action. She argues that the court erred in rejecting her claims for malicious abuse of process, malicious use of process, intentional infliction of emotional distress, and invasion of privacy. We affirm the grant of summary judgment on the first three claims,[1] but reverse the district court's determination that Summers' allegations of invasion of privacy are insufficient to state a cause of action.

I.

In 1986, appellant Cheryl Summers purchased a supermarket and leased property in Newton County, Georgia, from appellee Claude

---

[*]Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

[1]We affirm without discussion, discovering no error with the district court's factual findings and conclusions of law. *See* 11th Cir. Rule 36-1.

Bailey. She and her husband ran the market through their corporation, Food Fare, Inc. In 1988, in the midst of bankruptcy proceedings, Summers negotiated to sell the market to Charles Perry. Bailey did not approve of the sale, and according to Summers, he threatened and harassed both her and Perry, causing the sale to fall through. Summers alleges further that in an effort to win back his store without having to pay for it, Bailey tried to ruin her business,[2] and stalked, harassed and intimidated her.

In her deposition, Summers testified that during the summer of 1988,[3] Bailey would appear at her grocery store and exhibit a large hand gun which he carried, would park outside of the store for hours watching her, and would tell her and her customers that he wanted her out of the store. In her affidavit, she stated that in August and September 1988, Bailey would follow her in his truck as she ran errands, and that in September and October he alternately parked his truck on her property, parked near her residence, and parked in the woods by her house, following her as she departed from her home. She stated that this constant following and stalking frightened her.

## II.

We review the district court's grant of summary judgment *de*

---

[2] Bailey admitted at his deposition that he circulated a petition urging customers to boycott the store, and that he distributed two-year-old advertisement flyers, after crossing out the expiration date.

[3] Because Summers filed her complaint on August 30, 1990, and the statute of limitations to bring an invasion of privacy action is two years, all acts alleged must have occurred after August 30, 1988. *See Jones v. Hudgins,* 163 Ga.App. 793, 295 S.E.2d 119, 121-122 (1982).

*novo,* and resolve all reasonable doubts about facts in favor of Summers, the non-moving party. *Hale v. Tallapoosa County,* 50 F.3d 1579, 1581 (11th Cir.1995).

In a landmark privacy case, the Georgia Supreme Court concluded that personal liberty includes not only freedom from physical restraint, but also the legal right "to be let alone." *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 50 S.E. 68, 71 (1905). Under current Georgia law, the concept of invasion of privacy encompasses four loosely related but distinct torts. [4] Summers predicates her privacy claim on two of these torts, alleging that Bailey intruded into her private affairs and placed her in a false light.[5]

The tort of intrusion involves an unreasonable and highly offensive intrusion upon another's seclusion. Georgia courts have long recognized the form of invasion consisting of intrusion upon physical solitude or seclusion analogous to a trespass in plaintiff's home or other quarters, such as hospital or hotel rooms.[6] Georgia courts have extended the principle beyond physical

---

[4]The four torts include: (1) intrusion upon plaintiff's seclusion or solitude, or into her private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *Yarbray v. Southern Bell Tel. & Tel. Co.,* 261 Ga. 703, 409 S.E.2d 835, 836 (1991); *Cabaniss v. Hipsley,* 114 Ga.App. 367, 151 S.E.2d 496, 500 (1966).

[5]We find no evidence to support Summers' false light claim, and although the district court did not address this tort specifically in granting summary judgment, we affirm the ruling as to this claim.

[6]For a review of cases, see *Kobeck v. Nabisco, Inc.,* 166 Ga.App. 652, 305 S.E.2d 183, 185 (1983) (citing *Cabaniss,* 151

intrusion to include prying and intrusions into private concerns, such as eavesdropping by microphone[7] and peering into the windows of a home.[8] The Georgia Supreme Court recognized this extension in *Yarbray v. Southern Bell Tel. & Tel. Co.,* 261 Ga. 703, 409 S.E.2d 835 (1991), stating: "The "unreasonable intrusion' aspect of the invasion of privacy involves a prying or intrusion, which would be offensive or objectionable to a reasonable person, into a person's private concerns." *Id.* at 837 (citing W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 117, at 855-56 (5th ed. 1984); Adams & Adams, *Georgia Law of Torts* § 29-3, at 342-43 (1989)).

Traditionally, watching or observing a person in a public place is not an intrusion upon one's privacy. However, Georgia courts have held that surveillance of an individual on public thoroughfares, where such surveillance aims to frighten or torment a person, is an unreasonable intrusion upon a person's privacy.[9]

---

S.E.2d at 500); *Peacock v. Retail Credit Co.,* 302 F.Supp. 418, 422-23 (N.D.Ga.1969), *aff'd per curiam,* 429 F.2d 31 (5th Cir.1970), *cert. denied,* 401 U.S. 938, 91 S.Ct. 927, 28 L.Ed.2d 217 (1971).

[7]*McDaniel v. Atlanta Coca-Cola Bottling Co.,* 60 Ga.App. 92, 2 S.E.2d 810 (1939).

[8]*Pinkerton Nat'l Detective Agency, Inc. v. Stevens,* 108 Ga.App. 159, 132 S.E.2d 119 (1963).

[9]*See Pinkerton v. Stevens,* 132 S.E.2d at 120 (overt and extended surveillance by detective agency on behalf of insurer, which frightened and harassed plaintiff, violated plaintiff's right of privacy). *See also Ellenberg v. Pinkerton's, Inc.,* 130 Ga.App. 254, 202 S.E.2d 701, 704 (1973) (Reasonable surveillance of residence from public road by insurance company is common method to obtain evidence to defend a lawsuit. "It is only when such is *conducted in a vicious or malicious manner* not reasonably limited and designated to obtain information needed for the defense of a lawsuit *or deliberately calculated to frighten or*

Summers' factual allegations, which we take in the light most favorable to her, and which fall within the two-year limitation period, suggest not only a physical intrusion onto her residential property, but an offensive, frightening and unreasonable surveillance of her private affairs. Thus, we find that Summers has alleged sufficient facts to state a cause of action for invasion of privacy premised upon intrusion, and presented sufficient evidence upon which a factfinder could reasonably find in her favor. Accordingly, we reverse the judgment of the district court on this claim, and remand for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

*torment the plaintiff,* that the courts will not countenance it.") (emphasis added).