## A97A1040. GOSULE v. BESTCO, INC.
### (490 SE2d 532)

BLACKBURN, Judge.

Plaintiff Joseph B. Gosule appeals the grant of defendant Bestco, Inc.'s motion for summary judgment on Gosule's suit for $70,000 due on an account. Gosule claims he is owed this sum in exchange for services he provided Bestco as an independent contractor. Specifically, he claims he generated increased sales and obtained new customers for the company.

The standard of review for a trial court's grant of summary judgment requires that this Court conduct a de novo review of the evidence. *Gentile v. Bower*, 222 Ga. App. 736 (477 SE2d 130) (1996). Furthermore, "[t]o prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Gosule enumerates as error the trial court's grant of summary judgment on his claim against Bestco. The evidence shows that his claim that Bestco owes him $70,000 for these services is based in part upon a letter dated March 24, 1994, written on Bestco stationery. The letter, in its entirety, reads, "Dear Joe; As per our telephone conversation, the amount of $70,000.00 will be transferred into your account not later than the end of the business day of Friday, April 8, 1994. Sincerely, Robert I. Ragsdale, President."

In support of its motion for summary judgment, Bestco presented the affidavit of Jessie Lin, president of Bestco. According

to Lin, Robert Ragsdale was not president of Bestco when he ostensibly signed the $70,000 letter in that capacity, but had been removed as president of Bestco almost one year before the letter was executed. Ragsdale had no signing privileges on the Bestco checking account and also had no authority to bind Bestco in any fee or employment arrangement with Gosule. Finally, Lin swore in her affidavit that Bestco never made any contracts with Gosule, and that the company did not owe him any money.

Gosule has presented no evidence besides the letter to refute Bestco's assertion that it never entered into a contract of any sort with him. Accordingly, his claims that Ragsdale hired him as an independent contractor on behalf of Bestco and that Bestco owes him money for his services must be based upon Ragsdale's apparent authority to bind Bestco for Ragsdale's acts. In support of his position, Gosule claims that he believed Ragsdale had apparent authority to act for Bestco because Ragsdale operated out of Bestco's premises and signed purchase orders. Additionally, Gosule had a business card listing Ragsdale as president of the company.

" 'Apparent authority' is an agency concept which refers to an agent's authority as it is apparent to third parties. Apparent authority is that which the principal's conduct leads a third party reasonably to believe the agent has; it creates an estoppel allowing third parties to bind a principal to the agent's acts on account of the principal's conduct, reasonably construed by third parties acting in innocent reliance thereon. Where there were no manifestations of authority by the principal to a third party, apparent authority is not in issue." (Citation omitted.) *Morris v. Williams*, 214 Ga. App. 526, 527 (2) (448 SE2d 267) (1994).

Gosule has pointed to no conduct on behalf of Bestco which reasonably led him to believe that Ragsdale had apparent authority to hire and pay him. The facts show that Bestco did the opposite: in March 1993, it issued a letter removing Ragsdale as president of the company. Around this same time, an employee of Bestco informed Gosule of this fact. Gosule is therefore charged with knowledge that Ragsdale was not president of Bestco when Ragsdale signed the $70,000 letter as "president." "[A]ny apparent authority that might otherwise exist vanishes in the presence of the person's actual or constructive knowledge of what the agent is or is not empowered to do." *Atlanta Limousine Airport Svcs. v. Rinker*, 160 Ga. App. 494, 496 (287 SE2d 395) (1981).

Gosule is further barred from relying upon the doctrine of apparent authority because he is not an innocent party. "This doctrine of apparent authority is based upon the principle that where one of two *innocent* parties must suffer from the wrongful act of another, the loss should fall upon the one who, by his conduct, created the circum-

stances which enabled the third party to perpetrate the wrong and cause the loss." (Punctuation omitted; emphasis supplied.) *Turnipseed v. Jaje*, 267 Ga. 320, 323 (477 SE2d 101) (1996).

The record clearly indicates that Gosule did not deal with Ragsdale as an innocent party relying upon the apparent authority of a corporate agent. Gosule's and Ragsdale's uncontradicted testimonies state that the two were working together to buy out Bestco. According to Ragsdale, he and Gosule "were trying to put a business together," and Gosule's efforts for Bestco were largely made in furtherance of the plan for the new business. Ragsdale deposed that he never agreed on behalf of Bestco to pay Gosule for these efforts, either in commissions or for time expended, and further stated that he never had any discussion with Gosule about paying Gosule on behalf of Bestco. Ragsdale also deposed that the only reimbursement promised to Gosule was based entirely upon the formation and existence of the new corporation.

Furthermore, Gosule deposed that Ragsdale prepared the $70,000 letter at Gosule's request, because Gosule told Ragsdale he needed to show the letter to people to whom he owed money in order to get those people "off his back." Gosule admits he lied to Ragsdale in order to get him to issue the letter, and that he really wanted the letter 1) to help him obtain a loan from a bank, and 2) to "cover" his time at Bestco, in case Ragsdale was fired. He also solicited the letter knowing that the only times he had ever been paid, the checks had been drawn on Ragsdale's personal bank account. Even then, one such check indicated that it was a "loan against commissions" which would be earned when the new business took shape. At the end of the year, to account for these payments, Gosule received a 1099 tax form from Ragsdale himself, not from Bestco. In light of this uncontroverted evidence, Gosule cannot claim that as between himself and Bestco, he was an innocent party.

Gosule therefore cannot maintain his contract claim against Bestco on an apparent agency theory. He has failed to show that Bestco demonstrated to him that Ragsdale had authority to act as he did, that he was justified in believing Ragsdale had apparent authority, and that he dealt with Bestco innocently and in good faith. Under the standard set forth in *Lau's Corp.*, supra, summary judgment was properly granted to Bestco on this claim.

2. Because the trial court did not state the basis for its grant of summary judgment, we must address Gosule's claim that under quantum meruit, summary judgment was improper. Gosule did not plead quantum meruit in his complaint, and Bestco maintains that he may not now pursue that cause of action. Bestco also claims that because it was unaware of the supposed services for its benefit, it cannot be liable for accepting the services.

(a) Although Gosule's two-paragraph complaint contains no claim for quantum meruit and no details outlining such a claim, on the facts of this case, he is not barred from asserting that theory. "Under the Georgia Civil Practice Act, pleadings need only give notice of what the adverse party may expect to meet, rather than to frame issues." (Punctuation omitted.) *Lee v. Gore*, 221 Ga. App. 632, 633 (472 SE2d 164) (1996). "While a complaint must give notice sufficient to allow responsive pleading, it need only state a claim and does not have to allege facts sufficient to set forth a cause of action." *Wade v. Polytech Indus.*, 202 Ga. App. 18, 21 (2) (413 SE2d 468) (1991).

While summary judgment on quantum meruit claims which were not pled has been affirmed where "there is no allegation or inference of an allegation in appellants' complaint . . . from which it fairly could be determined that appellants were asserting any claim in quantum meruit against appellee," this is not such a case. *Merz v. Prof. Health Control of Augusta*, 175 Ga. App. 110 (332 SE2d 333) (1985). Here, it is clear that Gosule's claim arose out of his provision of services to Bestco, and these services are the only claim he could possibly have against Bestco. A claim of quantum meruit is therefore a fair inference from the allegation contained in his complaint, and liberal construction of his pleadings requires that his failure to plead quantum meruit not result in summary judgment against him. Cf. *Fonda Corp. v. Southern Sprinkler Co.*, 144 Ga. App. 287, 292 (5) (241 SE2d 256) (1977).

(b) Bestco argues that Gosule cannot sustain a claim for quantum meruit because Bestco was not aware that he was providing services for its benefit, and therefore it could not have accepted those services so as to incur the obligation to pay for them. In support of this argument, Bestco cites *Smith Dev. v. Flood*, 198 Ga. App. 817, 819 (3) (b) (403 SE2d 249) (1991) ("[a]ppellee could not accept any services from appellant of which she was totally unaware"). Gosule, however, points to evidence that his efforts did generate some limited business for Bestco, and argues that Bestco's agent, Ragsdale, had knowledge of Gosule's efforts.

However, as discussed in Division 1, supra, the uncontradicted evidence shows that Ragsdale had no authority to obligate Bestco on any contract with Gosule. His dealings with Gosule were accordingly beyond the scope of his authority, and his knowledge of Gosule's services therefore cannot be imputed to Bestco as a matter of law. See *Southern Dev. Co. v. Shepco Paving*, 206 Ga. App. 535, 536 (426 SE2d 234) (1992) (to be imputed to principal, agent's knowledge must relate to the subject matter of the agency and be acquired while acting as agent and within scope of authority). Because a party may not accept services of which it was totally unaware, see *Flood*, supra, and because Gosule has failed to point to any evidence that Bestco knew

that services were being rendered, summary judgment on this claim was appropriately granted for Bestco.

3. Bestco's request for the imposition of a penalty for frivolous appeal is denied.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 31, 1997.

*S. Robert Hahn, Jr.*, for appellant.
Joseph B. Gosule, *pro se.*
*Evans & Bell, Mark G. Evans*, for appellee.