## 44670. MITCHELL v. THE STATE.

PANNELL, Judge. The defendant was tried and convicted of the offense of sodomy. His motion for new trial was overruled and he appealed. *Held:*

1. Where, "as here, the police have reasonable cause to believe that public toilet stalls are being used in the commission of crime, and when, as here, they confine their activities to the times when such crimes are most likely to occur, they are entitled to institute clandestine surveillance, even though they do not have probable cause to believe that the particular persons whom they may thus catch in flagrante delicto have committed or will commit the crime. The public interest in its privacy, we think, must, to that extent, be subordinated to the public interest in law enforcement." Smayda v. United States, 352 F2d 251, 257. Accordingly, the evidence thus attained was admissible in evidence over the objection that it constituted an illegal search and seizure in violation of the Fourth and Fourteenth Amendments to the United States

448

Constitution and similar provisions of the Georgia Constitution.

2. That the evidence before the committing magistrate may have been insufficient to prove the crime for which the defendant was committed to jail is not ground for quashing the indictment found by the grand jury.

3. In order to authorize a conviction for the crime of sodomy, it is not necessary that the testimony of a police officer as to the offense be corroborated, the police officer not being an accomplice.

4. While, in order to convict of the crime of sodomy, it is necessary that penetration be proven (*Hodges v. State*, 94 Ga. 593 (19 SE 758); *Burge v. State*, 103 Ga. App. 682 (120 SE2d 200)), direct evidence is not required, and where, as in the present case, the circumstantial evidence amply authorizes, if it does not demand, a finding of penetration, the evidence is sufficient. No verdict or judgment may be set aside on the grounds of corrupt and wilful perjury unless it shall appear to the court that the person charged with such perjury shall have been thereof duly convicted. *Code* § 110-706. There was consequently no error here where, on motion for new trial, the trial court refused to consider any evidence of perjury which would not comply with the statute.

5. While there were some conflicts in the testimony of the police officers, there was no conflict in the basic facts constituting the crime, and their testimony not being inherently incredible within itself because of undisputed facts otherwise shown, the trior of the facts was authorized to resolve the conflicts and find the defendant guilty of the crime charged.

*Judgment affirmed. Quillian and Evans, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1969—DECIDED OCTOBER 6, 1969.

*Thomas M. Jackson,* for appellant.

*Jack J. Gautier, District Attorney, Fred M. Hasty, Whitney T. Evans, Jr.,* for appellee.