## 65016. WYLIE v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted of possession of cocaine and, after conviction, assigns error on the court's denial of his motion to suppress on the ground that it was the product of an illegal warrantless search.

The state's witness, a police officer, entered a rest room to use the facility. There was a single commode stall in the room surrounded by a partition which extended from a foot above the floor vertically about six feet, fitted with a door which could swing outward. The officer saw that the stall was occupied and noticed two pairs of feet within, facing each other. He then looked through a crack in the door and saw two men ingesting a white powder which he took to be and which examination proved was in fact cocaine.

It is conceded that it would be impractical to attempt to obtain a warrant under these exigent circumstances, but it is contended that

the defendant, in the location in which he was seen with the stall door closed had a reasonable expectation of privacy and that the visual intrusion was unreasonable and consequently illegal.

We do not agree, although the question is admittedly close. Basically, as with all searches, the question is whether under all the circumstances the search was unreasonable and the defendant's expectation of privacy impermissibly disregarded. A case in point is Kroehler v. Scott, 391 FSupp. 1114 (1975). Aware that certain public toilets in the area of a park and railway station were frequently used for drug, sex, and other unlawful purposes, the police department placed them under surveillance, drilled holes in the ceilings above the stalls, and officers then spied on persons coming and going to see what transpired. The court, following Bielicki v. Superior Court, (Cal.) 371 P2d 288 (1962) reversed, noting that where the guilty and innocent alike were spied upon, whoever they might be, the practice was akin to a general exploratory search. Kroehler added that "we recognize circumstances in which such surveillance practices might well satisfy Constitutional requirements. For example, should a law enforcement officer observe an individual enter the stall with drug related paraphernalia or what appears to be such, his immediate surveillance of the stall in the manner here followed appears warranted. Similarly, when two individuals enter the stall, neither of whom appears to be an invalid or handicapped as to require assistance, the immediate surveillance of the stall, without the delay incident to a warrant appears to pass Constitutional muster." Kroehler, supra, p. 1119. The testimony establishes that the officer's suspicions were alerted by the fact that there were apparently two men in the stall facing each other, without speaking, for a period of time. Under these circumstances the admitted public interest in privacy within the booth collides with public interest in the enforcement of law and prevention of crime under circumstances strongly suggesting illegal conduct, and the search ceases to be unreasonable within constitutional requirements.

The only Georgia case involving similar facts reached the same conclusion. See *Mitchell v. State,* 120 Ga. App. 447 (170 SE2d 765) (1969). Under similar circumstances Moore v. State, (Fla.), 355 S2d 1219 (1978), affirmed a conviction based in part on the fact that the close inspection through the door crack followed the observation "that the defendant's feet were pointing in a direction that was completely inconsistent with the location of a person's feet using . . . the facilities." The same evidentiary conclusion was approved in United States v. Smith, 293 A2d 856 (1972). A different result was reached in People v. Michigan, 105 Mich. App. 274 (306 NW2d 476) where a random inspection of the interiors of stalls by means of mirrors was carried on over a period of time upon casual users of the

facilities, and the use of an uncapped overhead pipe to view conduct within the stall was decried in People v. Regalado, 224 Cal. App. 2d 586, 36 Cal. Rptr. 795.

Whether or not visual inspection of an enclosed area such as this constitutes an unreasonable search depends upon the circumstances of the case. There must be evidence to alert a law enforcement officer to the likelihood of illegal activity, but the evidence need not cross the probable cause threshold where nothing other than visual inspection is made and there is no physical entry.

The trial court did not err in denying the motion to suppress. *Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 28, 1982.

*Robert G. Fierer, Steven A. Westby,* for appellant.
*Lewis R. Slaton, District Attorney, Tom Jones, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.