### 71557. ELMORE v. ATLANTIC ZAYRE, INC. et al.
(341 SE2d 905)

CARLEY, Judge.

A customer made a complaint that homosexual activity was occurring in a rest room that appellee-defendant Zayre's maintained for the convenience of its patrons. In response, appellee-defendant Cox, who is Zayre's loss prevention manager, inspected the rest room and observed an exhibition of highly suspicious behavior therein. He and another member of the security staff then determined to verify that criminal activity was occurring behind the door of a closed stall. For that purpose, they went to a location in a storage area above the rest room, where a crack in the ceiling provided a vantage point. Based on their observations, appellant-plaintiff was arrested and charged with sodomy. Pursuant to *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), appellant pled guilty without admitting the commission of sodomy and received a probated first offender sentence. Appellant then brought the instant civil action, alleging that appellees had invaded his privacy by "spying on him in a private place." This appeal is from the grant of summary judgment in favor of appellees. Appellant contends that the trial court erred in granting summary judgment because the following genuine issues of material fact remain: whether appellees invaded his privacy by peeking through a crack in the bathroom ceiling; whether any homosexual activity actually took place in the bathroom prior to appellees' surveillance of appellant; and, whether appellant actually committed any homosexual or other criminal act.

An action in tort for the invasion of privacy may be based upon an intrusion into one's private affairs or seclusion. See *Jones v. Hudgins*, 163 Ga. App. 793, 794 (295 SE2d 119) (1982); *Sun v. Langston*, 170 Ga. App. 60, 61 (316 SE2d 172) (1984). Appellant asserts that appellees' act of "spying" on him while he was in the private seclusion of the toilet stall constituted such an actionable invasion of privacy. An individual clearly has an interest in privacy within a toilet stall. See *Wylie v. State*, 164 Ga. App. 174 (296 SE2d 743) (1982). "However, the law recognizes that the right of privacy is not absolute. . . . 'But it [right of privacy] must be kept within its proper limits, and in its exercise must be made to accord with the rights of those who have other liberties, *as well as the rights of any person who may be properly interested in the matters which are claimed to be of purely pri-*

*vate concern.'* [*Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 201 (50 SE 68) (1905).]" *Bodrey v. Cape*, 120 Ga. App. 859, 866 (172 SE2d 643) (1969). (Emphasis in original.)

In the instant case, the toilet stall which appellant was occupying was in a rest room provided by appellee Zayre's for use by its customers. Thus, appellee Zayre's had an overriding responsibility to its patrons to keep that rest room free of crime, safe, and available for its intended purpose. The evidence is uncontradicted that appellees' investigation was prompted by a customer complaint of homosexual activity in the rest room. Acting solely upon this complaint, appellee Cox inspected the rest room. There, his own suspicion was alerted by seeing three or four men along the wall seemingly waiting for the second and third stalls, both of which were occupied, even though the first stall was empty and in working order. Only then was the decision made to go above the rest room and determine if any criminal activity was in fact occurring. Although the issue has not been specifically addressed in Georgia in the context of a civil action, criminal cases arising out of similar facts provide compelling authority as to the relative balance to be struck between appellant's asserted right of privacy and appellee Zayre's clear responsibility to its customers. Under similar circumstances to those which exist in the case sub judice, police surveillance has been held not to constitute an invasion of the right of privacy. "Where, 'as here, the police have reasonable cause to believe that public toilet stalls are being used in the commission of crime, and when, as here, they confine their activities to the times when such crimes are most likely to occur, they are entitled to institute clandestine surveillance, even though they do not have probable cause to believe that the particular persons whom they may thus catch in flagrante delicto have committed or will commit the crime. The public interest in its privacy, we think, must, to that extent, be subordinated to the public interest in law enforcement.' [Cit.]" *Mitchell v. State*, 120 Ga. App. 447 (170 SE2d 765) (1969). See also *Wylie v. State*, supra.

Appellant contends, however, that even if law enforcement officers would have been authorized to surveil the toilet stalls, private citizens were not. OCGA § 16-11-62 does provide that "[i]t shall be unlawful for . . . (3) Any person to go on or about the premises of another or any private place for the purpose of invading the privacy of another by . . . secretly observing their activities." See also OCGA § 16-11-61. However, appellant was not in a private bathroom. He was in a stall of a public rest room on premises belonging to appellee Zayre's. The employees of appellee Zayre's were thus upon their employer's own premises. It is likewise uncontroverted that the observations were made, not for the purpose of personally invading the privacy of others, but while investigating suspected criminal activity on

those premises. Accordingly, the general proscription of OCGA §§ 16-11-61 and 16-11-62 (3) is in no way applicable to appellees' acts.

" 'Georgia's appellate courts have recognized the need for pragmatism in deciding the extent to which the right of privacy should be protected. . . . "The right of privacy is not absolute, but is qualified by the rights of others." . . . "There are some shocks, inconveniences and annoyances which members of society in the nature of things must absorb without the right of redress." [Cit.]' [Cit.]" *Cox Communications v. Lowe*, 173 Ga. App. 812, 813 (328 SE2d 384) (1985). Under the circumstances of the case at bar, appellant's interest in privacy was subordinate to appellee Zayre's interest in providing crime-free rest rooms for its customers, and there existed sufficient cause for suspicion of criminal activity to justify any intrusion which occurred. Therefore appellees' intrusion into appellant's seclusion was, as a matter of law, not unreasonable. Whether appellant, or anyone else, actually committed sodomy is immaterial. If it is appellant's contention that he did not commit the criminal act for which he was arrested, tort law provides other means by which he may attempt to secure redress for such an alleged wrong. There is, however, no basis for appellant to recover under an invasion of privacy theory. The trial court did not err in granting summary judgment to appellees.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 24, 1986.

*Jeffrey B. Talley,* for appellant.
*Gregory J. Digel, Newton M. Galloway,* for appellee.