555 S.E.2d 426 (2001)
274 Ga. 599
In re C.P.
No. S01A0748.
Supreme Court of Georgia.
November 5, 2001.
Reconsideration Denied December 14, 2001.
Paul J. Stalcup, Conyers, for Appellant.
Richard R. Read, Dist. Atty., Robert D. James, Jr., Asst. Dist. Atty., Conyers, for Appellee.
BENHAM, Justice.
C.P., age 14, is the subject of a petition filed in juvenile court alleging C.P. is a delinquent/unruly child[1] because C.P. is unmarried and engaged in an act of sexual intercourse in a stall in a restroom in a local high school. C.P. sought to quash the petition on two grounds: that the petition failed to set out a specific violation of Georgia law in that the fornication statute underlying the petition, OCGA § 16-6-18, is an unconstitutional violation of a citizen's "liberty of privacy" (1983 Ga. Const., Art. I, Sec. I, Para. I.); and that it is unconstitutional to use as the offense underlying a petition for delinquency an act that would be protected activity if committed by an adult.[2] The juvenile court denied C.P.'s motion to quash and issued a certificate of immediate review. C.P. then filed in this Court an application for interlocutory review, which we granted.
C.P. contends the fornication statute is facially invalid because it manifestly infringes upon the constitutionally-guaranteed right of privacy. See Miller v. State, 266 Ga. 850(2), 472 S.E.2d 74 (1996). "The liberty of privacy exists, has been recognized *427 by the law, and is entitled to continual recognition. But it must be kept within its proper limits, and in its exercise must be made to accord with the rights of those who have other liberties...." Pavesich v. New Eng. Life Ins. Co., 122 Ga. 190, 201, 50 S.E. 68 (1905). Thus, the right of privacy is not absolute since its successful exercise is dependent upon the facts and circumstances from which its assertion arises. In Powell v. State, 270 Ga. 327, 332, 510 S.E.2d 18 (1998), we recognized that there is no activity more private and more worthy of protection from governmental interference than unforced, private, adult sexual activity. That recognition was, in and of itself, limited by the facts of the casethe sexual activity was non-commercial, it was between adults legally capable of consent, it was unforced, and it took place in a private setting. Since Powell, we have stated that "the right to privacy does not protect all sexual conduct [from prosecution]." Howard v. State, 272 Ga. 242, 527 S.E.2d 194 (2000).
In order to grant C.P.'s motion to quash, the juvenile court would have had to conclude as a matter of law that a stall in a high school's public restroom afforded its occupants a right of privacy regardless of the activity taking place within the stall, and would have to ignore the State's "role in shielding the public from inadvertent exposure to the intimacies of others." Powell v. State, supra, 270 Ga. at 333, 510 S.E.2d 18. However, a stall in a public restroom is not a private place when it is used for other than its intended purpose. See Elmore v. Atlantic Zayre, 178 Ga.App. 25, 341 S.E.2d 905 (1986) (no invasion of privacy when store's bathroom stall was used for sexual activity); Wylie v. State, 164 Ga.App. 174, 296 S.E.2d 743 (1982) (no reasonable expectation of privacy when two persons occupy a stall facing each other without speaking for a period of time). Compare Snider v. State, 238 Ga.App. 55, 516 S.E.2d 569 (1999), and Kelley v. State, 233 Ga.App. 244(2), 503 S.E.2d 881 (1998) (16 year old girl has a reasonable expectation of privacy when nude in the family home's bathroom in the act of or following bathing).
Since the right of privacy is dependent upon the facts of each case and the facts in the case at bar, to the point they have been developed, do not support the successful assertion of the right to privacy, it cannot serve as the basis for quashing the petition alleging delinquency/unruliness on the part of C.P. Accordingly, the juvenile court did not err when it denied the motion to quash.
Judgment affirmed.
All the Justices concur.
NOTES
[1] A "delinquent act" is statutorily defined as "[a]n act designated a crime by the laws of this state ... and the crime does not fall under subparagraph (C) of paragraph (12) of this Code section and is not a juvenile traffic offense...." OCGA § 15-11-2(6)(A). An "unruly child" is statutorily defined as "a child who ... [h]as committed an offense applicable only to a child...." OCGA § 15-11-2(12)(C).
[2] Under OCGA § 15-11-63(a)(2)(B), a "designated felony act" that might result in a child being placed in restrictive custody is one "[i]f done by an adult, would be one or more of the following crimes: ..." Fornication is not a felony (see OCGA § 16-6-18) and is not one of the designated felonies listed in § 15-11-63(a)(2)(B).