[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10961

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 11, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00051-CV-5

GEORGE ALLEN, SR.,

Plaintiff-Appellant,

versus

BAPTIST VILLAGE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 11, 2008)**

Before TJOFLAT, ANDERSON and HILL, Circuit Judges.

PER CURIAM:

The overwhelming evidence in this summary judgment record establishes that the plaintiff was fired from his position because of the undisputed evidence that he was tapping into the telephone lines of the residents and conducting extensive personal telephone calls thereon, all in violation of explicit company policies, and probably also in violation of the law. Because this legitimate business reason is so clearly the sole cause of plaintiff's termination, we can readily pretermit other issues relating to the discrimination and retaliation claims, including the timeliness of the EEOC charge and the existence vel non of a prima facie case.

Plaintiff also appeals the district court's grant of summary judgment rejecting plaintiff's claims under the federal wiretapping statute and Georgia's wiretapping statute. Both claims assert that defendant violated the two statutes by intercepting his telephone calls by video and audio surveillance devices. With respect to these two claims, we need address only one issue that is dispositive of both claims. We readily conclude that plaintiff had no objective expectation of privacy and no objective expectation that his conversations would not be intercepted. Plaintiff was intentionally tapping into someone else's telephone line, and conducting extensive personal telephone calls thereon, in violation of express company policies, and probably in violation of the law. As a matter of common

2

sense, no reasonable person could expect any degree of privacy during conversations had upon telephone lines which plaintiff had no right to be using. Any reasonable person would expect that such surreptitious and improper use might be detected and might be recorded for the purpose of eliminating such improper use and exacting appropriate discipline.[1]

Accordingly, the judgment of the district court is

AFFIRMED.

---

[1] Moreover, the Georgia law claim is foreclosed by Elmore v. Atlanta Zayre, Inc., 341 S.E.2d 905 (Ga.Ct.App. 1986).