COPE, J.
This is a juvenile delinquency appeal. The underlying issue is whether there was a reasonable suspicion which justified an investigatory stop.
Officer Tabares was providing security at a high school football game being played in Tropical Park in Miami-Dade County. During the game the officer entered the men’s restroom where he saw that two individuals were standing in a single restroom stall with the door open. The officer could not see what the two occupants were doing. The first occupant left the stall and walked quickly by the officer. As he approached the officer the first occupant turned toward the direction of the stall, put his hand over his mouth, and made a noise like he was clearing his throat. The first occupant then ran out of the restroom.
The officer heard the toilet flush. The second occupant, J.C., exited the restroom stall and walked toward the officer. The officer moved in front of J.C. and told him to stop. J.C. stopped, stepped back, then put his head down and hit the officer with his chest and shoulder.
The officer tried to take J.C. into custody and called for backup. Two other officers arrived. In the struggle J.C. struck one of the backup officers, Officer Garcia, and cut his lip.
*1205 The trial court found that J.C. had committed one count of resisting an officer with violence in violation of section 843.01, Florida Statutes (2006), and two counts of battery on a police officer in violation of sections 784.03 and 784.07(2)(b), Florida Statutes (2006). J.C. has appealed.
J.C. contends that the evidence was legally insufficient to convict him of the crimes charged. In order to convict J.C. of resisting an officer with violence under the circumstances of this case, it was necessary for the State to establish that the officer was engaged in the lawful execution of a legal duty. Id. § 843.01. In order to convict J.C. of the offense of battery on a law enforcement officer, it was likewise necessary for the State to establish that the officers were engaged in the lawful performance of their duties. Id. § 784.07(2).
J.C. contends that the investigatory stop in this case was illegal, and therefore the officers were not engaged in the lawful execution of a legal duty. J.C. argues that there was no founded suspicion which would justify an investigatory stop.
We conclude that J.C.’s motion for judgment of dismissal was properly denied. “When a police officer who is in a public area observes two people using the same restroom stall, and apparently not using the stall for its intended purpose, then these observations may permit the police officer to take further reasonable steps to investigate.” Barron v. State, 823 P.2d 17, 20 (Alaska Ct.App.1992); see People v. Mercado, 68 N.Y.2d 874, 508 N.Y.S.2d 419, 501 N.E.2d 27, 29-30 (1986) (investigation by officer was permissible where officer “ascertained that two men were using a single toilet stall in a manner that indicated to him that the stall was not being used for its intended purpose.”); Wylie v. State, 164 Ga.App. 174, 296 S.E.2d 743, 744 (1982) (investigation permissible where “the officer’s suspicions were alerted by the fact that there were apparently two men in the stall facing each other, without speaking, for a period of time.”).
Affirmed.*

 The crime date in the present case was September 15, 2006. Under Florida law existing at that time, there was a prohibition on the use of force to resist an arrest, see § 776.051(1), Fla. Stat. (2006), even if the arrest was illegal. Tillman v. State, 934 So.2d 1263, 1269 (Fla.2006). As written, the statute did not prohibit the use of force in non-arrest circumstances, such as an investigatory stop. Id. at 1270, 1274.
Although the amendment is not applicable to this case, the 2008 Legislature broadened subsection 776.051(1) so as to prohibit the use of force to resist an officer in non-arrest situations. Ch. 2008-67, Laws of Fla. The amended statute provides:
776.051. Use of force in resisting arrest or making an arrest or in the execution of a legal duty; prohibition.—
(1) A person is not justified in the use of force to resist an arrest by a law enforcement officer, or to resist a law enforcement officer who is engaged in the execution of a legal duty, if the law enforcement officer was acting in good faith and he or she is known, or reasonably appears, to be a law enforcement officer.
(2) A law enforcement officer, or any person whom the officer has summoned or directed to assist him or her, is not justified in the use of force if the arrest or execution of a legal duty is unlawful and known by him or her to be unlawful.