**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 17, 2025**

# In the Court of Appeals of Georgia

A25A0273. MOULTON v. GOODELL.

DOYLE, Presiding Judge.

After their 13-year romantic relationship soured, Maggie Moulton sued William Goodell for various causes of action, including personal injury for transmission of genital herpes. Moulton moved to compel discovery related to Goodell's medical records and for qualified protective orders related to the same. After denying in part the motion, the trial court granted a certificate of immediate review, and this Court granted Moulton's application for interlocutory appeal of the trial court's order. Moulton appeals, arguing that the trial court abused its discretion by denying her motions because the documents are within the scope of discovery and are not

protected from discovery as found by the trial court. For the reasons that follow, we

vacate in part and remand for further proceedings consistent with this opinion.

The grant or denial of a motion for a protective order lies within the sound discretion of the trial court, and we will reverse the court's decision in this regard only when it has abused its discretion. This is because a trial court has broad discretion to control all discovery matters. And as to protective orders, a trial court will only abuse its discretion when its ruling is unsupported by any evidence of record or when that ruling misstates or misapplies the relevant law. That said, in Georgia, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery.[1]

Viewed in favor of Moulton,[2] the record shows that when she met Goodell, he

initially did not tell her he was married. At some point, Goodell and Moulton engaged

in sexual intercourse and began a 13-year relationship with several breakups, some

periods of co-habitation, engagement, and financial support. During the relationship,

Moulton at times broke off seeing Goodell because he had not pursued a divorce from

---

[1] (Citations and punctuation omitted.) *Smith v. Northside Hosp., Inc.*, 347 Ga. App. 700, 703 (820 SE2d 758) (2018). See also OCGA § 9-11-26 (b) (1).

[2] See *Bush v. Bank of New York Mellon*, 313 Ga. App. 84, 89 (720 SE2d 370) (2011).

his wife, but after assurances, Moulton would resume the relationship. Although Moulton contends that the couple were monogamous (or that she had been told as much by Goodell), Goodell contended that the pair were both dating other people during periods of the relationship.

Moulton alleged that the couple continued their relationship until she was diagnosed with genital herpes in 2023, at which point she confronted Goodell about his infection status. Thereafter, Moulton sued Goodell, alleging several causes of action,[3] including negligent or intentional transmission of genital herpes. Goodell denied all the allegations related to the genital herpes claim, including allegations that were not related directly to Goodell.

Thereafter, Moulton moved to compel Goodell to respond to her first requests for admissions, first continuing interrogatories, and first requests for production of documents related to medical records, treating physicians, and other information related to his alleged herpes infection status and treatment. After a hearing, the trial court denied the motions in part, finding that the right to privacy in this State barred

---

[3] We need not address any of the facts or law regarding the other causes of action, but several of them were dismissed.

Moulton from discovering the requested information because Goodell had not placed his medical history into issue.

Moulton argues that the trial court abused its discretion, and we agree. Because the trial court's order shows that it misapplied the law, we vacate the order in part and remand for further proceedings consistent with this opinion.

Under OCGA 9-11-26 (b) (1),

> [p]arties may obtain discovery regarding any matter, *not privileged*, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence[.]

"Privileged matters" are those that fall under OCGA § 24-5-501 (a) (1) through (9), including communications between spouses, between attorney and client, between accountant and client, between a litany of mental health care professionals and their

clients, and among grand jurors; and well as secrets of state.[4] There is no general physician-patient privilege in Georgia.[5] And although not codified in statute,[6] Georgia law has recognized causes of action for negligent or intentional transmission of the virus that causes genital herpes lesions.[7] Thus, because Moulton has articulated a recognized claim for non-privileged information regarding Goodell's medical records, the trial court should have issued orders narrowly tailoring the discovery to the necessary information.

Goodell argues that Georgia's constitutional right to privacy prohibits discovery of this information because Goodell himself did not file suit putting at issue his

---

[4] Certain other privileged matters are listed in OCGA §§ 24-5-502 to 24-5-510 but those have no bearing here. Only OCGA § 24-5-505 could be thought to apply, but there is no indication that Goodell's responses to discovery requests would subject him to criminal proceedings.

[5] See *Gilmore v. State*, 175 Ga. App. 376, 377-378 (333 SE2d 210) (1985); *Orr v. Sievert*, 162 Ga. App. 677, 678 (292 SE2d 548) (1982) ("In Georgia there is no patient-physician privilege; nevertheless because of the Hippocratic Oath taken by all doctors, a doctor is not required to release information concerning a patient unless required to do so by subpoena or other appropriate court order or authorized to do so by this patient or otherwise waived by the patient.").

[6] Compare OCGA § 16-5-60 (applicable to knowingly transmitting HIV without disclosure).

[7] See, e.g., *Beller v. Tilbrook*, 275 Ga. 762 (1) (571 SE2d 735) (2002), citing *Long v. Adams*, 175 Ga. App. 538, 539-540 (2) (333 SE2d 852) (1985).

medical history. This is a misreading of Georgia law, however. While it is true that under both the federal and state constitutions, Georgians have a right to privacy in the their medical records, this right is protected by the prohibition of disclosure of records without either consent of the subject or due process via a hearing at which the subject of the records has a right to object.[8] For instance, in *King v. State*,[9] the Georgia Supreme Court explained that the State could not subpoena a defendant's medical records instead of procuring a search warrant without first giving her notice and an opportunity to object.[10] In this case, the motion and hearing were sufficient due process to meet the requirements of Goodell's right to privacy.[11]

Both the trial court and Goodell point to language in OCGA § 24-12–1 (a):

[No medical provider] shall be required to release any medical information concerning a patient except[, inter alia,] on appropriate court order or subpoena; provided, however, that any [medical provider]

---

[8] See *King v. State*, 272 Ga. 788, 790, 792 (1) (535 SE2d 492) (2000).

[9] 272 Ga. at 788.

[10] See id. at 790-791 (explaining that "the State is not entitled to exercise indiscriminate subpoena power as an investigative substitute for procedural devices otherwise available to it in the criminal context, such as a search warrant").

[11] See, e.g., *Ussery v. Children's Healthcare of Atlanta, Inc.*, 289 Ga. App. 255, 269-270 (4) (656 SE2d 882) (2008).

releasing information . . . under court order or subpoena shall not be liable to the patient or any other person[. This] privilege shall be waived to the extent that the patient places his or her care and treatment or the nature and extent of his or her injuries at issue in any judicial proceeding.

The court found and Goodell argues that his medical information should not be subject to discovery because he did not place his care or treatment into issue. But that merely goes to waiver, not availability, and ignores the state law cause of action that gives rise to Moulton's right to access certain of Goodell's medical records.

The law recognizes that the right of privacy is not absolute. [The right of privacy] must be kept within its proper limits, and in its exercise must be made to accord with the rights of those who have other liberties, as well as the rights of any person who may be properly interested in the matters which are claimed to be of purely private concern.[12]

In this case, by misapplying the law as stated above, the trial court abused its discretion by barring Moulton from compelling responses to her discovery as to the issue of Goodell's alleged herpes infection.[13] On remand, the trial court should enter

---

[12] (Citation and punctuation omitted.) *Nelson v. Glynn-Brunswick Hosp. Auth.*, 257 Ga. App. 571, 579 (4) (571 SE2d 557) (2002), quoting *Elmore v. Atlantic Zayre*, 178 Ga. App. 25, 25-26 (341 SE2d 905) (1986).

[13] See, e.g., *Rafac v. Jiangsu Linhai Power Machine Group Corp.*, 363 Ga. App. 782, 786 (2) (872 SE2d 764) (2022) ("an abuse of discretion occurs where the trial

7

an order narrowly tailored to properly identify the discovery to which Moulton is authorized under our case law, and it should enter any necessary qualified protective orders related thereto.[14]

*Judgment vacated in part and case remanded with direction. Markle and Padgett, JJ., concur.*

---

court's ruling misstates or misapplies the relevant law") (punctuation omitted), quoting *Parsons v. Mertz*, 320 Ga. App. 786, 788 (1) (740 SE2d 743) (2013)

[14] See, e.g., *Baker v. Wellstar Health System*, 288 Ga. 336, 338 (2) (703 SE2d 601) (2010).